## CLEMENTS *vs.* THE VILLAGE OF WEST TROY.

Where the original proprietors of a village, on dividing the land into lots, make a map, upon which they designate an alley, and in selling lots they bound them upon such alley, as between the proprietors and their grantees, such act secures a right of way; but the alley does not thereby become a public highway.

The dedication must be accepted, and the highway must be laid out. Until that is done, the alley remains the property of the original proprietors, subject to a right of way in those who have taken deeds of lots bounded upon the alley.

And before the village corporation can remove buildings from such alley, under an authority conferred by their charter to "regulate streets," &c. they must ratify the act by which the alley was dedicated to the use of the public.

They must accept the gift. And this can only be done by instituting the proceedings which the law has prescribed for laying out and opening public highways in the village.

MOTION to dissolve injunction. The complaint stated that the plaintiff was the owner of, and had in possession a lot in the village of West Troy, extending from Rochester-street westerly to the east bounds of a piece of land which had been laid out on the map or plan of the village, made by the original proprietors, as an alley; that the plaintiff had erected a mansion house on the front of the lot, and in the rear a valuable barn and other outhouses; that the defendants, alleging that the barn and outhouses were an encroachment upon the alley, were proceeding to tear them down. It was alleged that the buildings were not upon the alley but were on the lands of the plaintiff. It was further stated that the land, upon which the buildings stand, had never been used or occupied as a highway, and that the buildings had been erected and standing on the site and in the position and place they occupied at the time of the commencement of this suit, and that the premises, as then occupied, had been enclosed by fences, for more than twenty years. The relief asked was, that the defendants might be restrained from removing the buildings, and required to pay the damages sustained by the plaintiff in consequence of what had already been done.

Upon the complaint, duly verified, an order of injunction was issued according to the prayer thereof. The defendants, by

Clements v. The Village of West Troy.

their answer, stated that, in 1825, the original proprietors of the premises in question dedicated to the use of the public an alley twenty feet in width, equi-distant from Rochester and Champlain-streets, and that the alley became and was, and had continued to be, for all legal purposes, a public highway; that by their act of incorporation the defendants were authorized to *regulate* streets, &c. and by virtue of the authority in them vested, they did, on the 13th of November, 1852, pass an ordinance requiring the owners of lots upon the alley to open the same opposite to their respective lots, and to remove all obstructions therefrom, within six weeks, and in case of neglect, that the same should be done by and under the direction of the president and trustees of the second and third wards of the village; that the plaintiff refused to comply with the ordinance within the time specified, and thereupon the officers of the defendants, authorized so to do, proceeded to remove the obstructions from the alley, and to repair and improve the same, as directed by the ordinance; and in doing so it became and was necessary to enter upon the premises occupied by the plaintiff and to remove the barn and outhouses mentioned in the complaint, which were encroachments upon and obstructions in said alley.

Affidavits were read in support of the motion, showing that the plaintiff's buildings were in fact located upon the ground claimed by the defendants as an alley. Also an affidavit of the president of the village, stating that the alley had been dedicated to the public use by the original proprietors in 1825; that the trustees of the village had adopted and taken possession of it as a public highway, and had exercised acts of control over it as such.

*W. W. Frothingham*, for the plaintiff.

*H. A. Brigham* and *J. H. Brisban*, for the defendants.

HARRIS, J. The defendants are, by their charter, declared to be commissioners of highways, and as such are charged with the duty of " regulating streets, roads, lanes and alleys already laid out, or which should thereafter be laid out, within their vil-

Clements v. The Village of West Troy.

lage." (*Sess. Laws of* 1850, *p.* 444, § 48.) The duty of regulating streets, &c. involves the right to remove obstructions. If, therefore, the alley in question is a public highway or street, the defendants were authorized to do what they have done for the purpose of removing obstructions.

The question therefore is, whether the alley is in fact a public highway. The original proprietors, when they divided their land into lots, made a map, upon which they designated the alley in question, and upon the sale of lots, bounded them upon the alley thus designated. As between the original proprietors and those to whom they conveyed, this act of the proprietors secured a right of way. But the alley thus designated, and in respect to which the purchasers of the lots had acquired an indefeasible right of way, did not thereby become a public highway. The dedication must be accepted. The highway must be laid out. Until that is done the alley would remain the property of the original proprietors, subject to a right of way in those who had taken deeds of lots bounded upon the alley. (*Willoughby* v. *Jenks*, 20 *Wend.* 96. *In the matter of Lewisstreet*, 2 *Id.* 472. *Livingston* v. *The Mayor, &c. of New-York*, 8 *Id.* 85. *Wyman* v. *The Mayor of New-York*, 11 *Id.* 486.) The principle settled by these cases is, that where lots are conveyed, bounded upon streets which have not been opened or laid out by the municipal authorities, the purchasers, and perhaps the public, acquire a perpetual right of way over such streets. The act of the proprietor amounts to a dedication, so that when proceedings are instituted for making such streets public highways, the proprietor is only entitled to a nominal compensation for his interest in the land. It is assumed, in all these cases, that the mere dedication of a street to public use, does not make it a public street until the dedication is ratified by the public authorities. The same proceedings must be had for opening or laying out such street as if there had been no dedication.

The defendants in this case do not pretend that any legal proceedings have ever been taken for the purpose of making the alley a public highway. They rely entirely upon the acts of

Boynton *v.* Clinton and Essex Mutual Ins. Co.

the original proprietors amounting to a dedication. They insist that " on and after such ceding, dedication, giving, appropriation and setting apart, the alley became and was, and has continued to be a public highway for all legal intents and purposes." In this they are mistaken. Before they can exercise the right to "*regulate*" the alley as a public highway of the village, they must ratify the act by which it was dedicated to the use of the public. They must accept the gift. This can only be done by instituting the proceedings which the law has prescribed for laying out and opening public highways in the village. Not having done this, they had no right to interfere with the plaintiff's buildings, though standing upon the land which had been devoted to the use of an alley by the original proprietors. The injunction was therefore properly granted, and the motion to dissolve it must be denied with costs.

[ALBANY SPECIAL TERM, February 22, 1853. *Harris*, Justice.]