## THOMAS DOREN *v.* NICHOLAS T. HORTON.

Where a person makes a subdivision of city lots, showing streets and alleys, and causes it to be recorded upon the county record of deeds, without making the statutory acknowledgment, and afterward sells and conveys lots, bounded by a street or alley, according to the subdivision—*Held :*

1. That if such defective dedication was accepted formally by the city, or by acts of possession and user on the part of the public, it would thereby become perfect and complete, and the original owner, and those claiming under him, would have no right to appropriate those streets or alleys to private use or possession.

2. That an alienee of a lot in such subdivision, bounded on a street or alley, has a right to the use and enjoyment of the open and unobstructed street or alley, of which the original owner, or those claiming under him, can not deprive him without his consent.

3. The mere fact of such street or alley being misused or obstructed by one or more alienees of lots, does not vacate the right of the other alienees, nor reinvest the title and right of possession in the original proprietor.

SPECIAL TERM.—The plaintiff claims the legal estate in, and that he is entitled to the possession of, certain premises now used as an alley, in McFarland's subdivision in Cincinnati. He derives his title from an instrument of writing from McFarland to Vail, dated December 16, 1832; by deed from Vail to plaintiff, dated November 6, 1848; and by deed from Vail to plaintiff, dated June 10, 1850.

The defendant says that William McFarland being the owner, of lots 257, 258, 259, 282, 283, and 284, on the original

26

plan of Cincinnati, made a plat and subdivision of said lots, on which plat and subdivision certain parcels or strips of land were laid out and dedicated as streets and alleys for the use of the proprietors of lots in said subdivision forever; that said McFarland caused said plat and subdivision to be recorded in Hamilton county records, on June 29, A. D. 1807. That the premises, described in the petition, is one of the alleys laid out in said plat and subdivision, being the alley lying between lots 26 and 27 on said plat. That McFarland conveyed lots in said subdivision, making reference to the streets and alleys thereof; that on August 7, 1809, he conveyed to Benjamin Mason lots 25 and 26, with other lots, to which deed defendant refers, to determine the particulars relating to said subdivision. The defendant says plaintiff claims to be owner under *mesne* conveyances from Benjamin Mason, of a portion of lots 25 and 26, the north twenty feet in width thereof, fronting twenty feet on said alley lying between lots 26 and 27; that defendant, by like *mesne* conveyances from said Mason, is the owner of a portion of said lots 25 and 26, viz: the twenty feet in width lying next south of said plaintiff's portion, fronting twenty feet on said alley; that defendant, under like *mesne* conveyances from Benjamin Mason, holds an interest in the remaining portion of lots 25 and 26; and that defendant is also owner of ground on which said alley abuts on the south.

The defendant also says that said William McFarland, by deed dated September 7, A. D. 1808, conveyed to Thomas James the lots numbered 27 and 28 in said plat and subdivision; that Benjamin J. Horton, by *mesne* conveyances from said Thomas James, has become the owner of said lot No. 27, and is therefore possessed of an interest in the said alley; that said premises described in the petition has been publicly known and recognized as an alley ever since the recording of the plat and subdivision above mentioned; that the proprietors of the lots adjoining thereto as laid down in said plat, became, by virtue of the making and recording of said plat and by the conveyances from said James

McFarland, as above mentioned, and by the acts and conduct of said James McFarland, vested with the right to the common enjoyment and use of said premises as and for an alley; the defendant further says, that there has been a continuous recognition of said right, and a common exercise of said right by said proprietors up to the present time; that the said alley has been, from time to time, more or less obstructed by the proprietors of the lots adjoining thereto, but that the location of said alley and the common right of said proprietors in the use thereof, has always been well known to said proprietors, and that the said alley has always been, more or less, in common use by them.

*Wright & Loomis,* for plaintiff.

*T. M. Key* and *Ben. J. Horton,* for defendant.

GHOLSON, J. Where a person makes a subdivision of city lots, showing streets and alleys, and without acknowledging it as required by statute, causes it to be placed upon the public records of the county, and afterward sells and conveys lots according to the numbers of the subdivision, which lots, as shown on the plat by the numbers, are bounded by a street or alley, I hold

1. That the fee in the street or alley did not vest under the statute in the city, the plat not having been acknowledged.

2. That such acts on the part of an owner were sufficient evidence of an intention to dedicate the streets and alleys for public use.

3. That if such dedication was accepted by the city, or by user on the part of the public, it would become complete; and the owner would have no right to appropriate the ground, over which the street or alley passed, to his private use and possession; and if such street or alley, after such acceptance or public user was wrongfully obstructed, the owner or his assignee would have no better right to recover

possession by action of ejectment, or a proceeding of like character, than any other person interested.

4. That an alienee of a lot in such subdivision bounded on a street or alley, the street or alley being open and unobstructed at the time of his conveyance, acquires a right of using, which is analogous to that of the public, and can not be taken away or reduced to the possession of the original owner without his consent.    One of the alienees of two such lots, the alley lying between, can not under a deed, from the original owner, obtain exclusive possession of such alley.

5. If a man conveys two lots, with an alley between to be used as such by the owners of the two lots and their assigns, he can never, as against such owners, or either of them, take into his private and exclusive possession the ground over which the alley passes; and can convey no such right to the owner of one of the lots.    No such right is acquired by the fact that one or both of the owners have or are obstructing the alley.

6. It is the right of those showing an interest either in a private or public alley, which has been wrongfully obstructed, to require that the obstruction be discontinued. This has been usually accomplished by an action at law for the nuisance, or by an injunction in equity.    But the obstruction or misuse of an alley does not forfeit it, so as to give a title to the original proprietor.

These principles are settled by numerous authorities.    6 Ohio, 298, *Brown* v. *Manning;* Wright, 749, *Morris* v. *Bowers;* 6 Peters, 432, *Cincinnati* v. *White;* Id. 507, *Barclay* v. *Howell;* 1 Ohio St. 478, *Williams* v. *First Presb. Soc. of Cincinnati;* 35 Maine, 161, *Cole* v. *Sprowl;* 12 Georgia, 239, *City of Macon* v. *Franklin;* 11 B. Monroe, 155, *Wickliffe* v. *City of Lexington;* 2 Selden, 257, *City of Oswego* v. *Oswego Canal Co.;* 1 Spencer, 86, *Dummer* ads. *Jersey City.*

The only ground upon which a recovery could be claimed would be as trustee, for the purpose of effectuating the trust.    Such a purpose is not claimed    and under our present system, must appear.

Under the facts and circumstances in this case, and it is questionable whether the fee in the alley would properly be considered as remaining in the original proprietor, if not vested in the city, it may be in the adjoining proprietors. This would depend on the question whether the dedication was complete of a public alley. A dedication of an alley was intended; not a mere easement. Was it accepted? This acceptance would depend on the character of the thing and the use naturally to follow. Wright, 749; 14 Barb. 328, ·Badeau v. Mead, et al.; 16 Barb. 251, Clements v. West Troy.

Judgment for defendant, and ordering plaintiff to remove obstructions, as prayed by defendant.