## J. W. SMITH AND WIFE v. CITY OF DALLAS.

### (No. 2742.)

ASSIGNMENT OF ERRORS.— Assignment of errors must conform to
the requirements of the statute, and unless gross injustice or
some fundamental error appears of record, this court will not
interfere.

APPEAL from Dallas county.

IN this case there is nothing in the transcript which we
are authorized to regard as an assignment errors. We find
pasted between pages 79 and 80 what seems to have been
intended for an assignment of errors, but it is not signed
by counsel, nor is it marked filed, is on different paper and
in a different handwriting from that of the transcript, and
has evidently been interpolated after the record was made
up. How, when, or by whom this was done we have no
means of knowing. There is nothing in the minutes of the
court to show that leave was granted here to file such a
paper, nor does it appear to have been done by consent.
The briefs of counsel filed make no reference to any assign-
ment of errors. They discuss the case without the slightest
allusion to it.

Our statute (Pasch. Dig., art. 1591) says: "The appellant

or plaintiff in error shall, in all cases, file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form a part of the record, and all errors not so distinctly specified shall be considered by the supreme court as waived."

The court has sometimes, when this has been neglected, permitted to withdraw the record and assign errors, and by agreement it has permitted an assignment of errors to be filed here and considered as part of the record; but we think it would be wholly irregular, and indeed improper, for the court to notice this paper not signed by counsel and which has never been filed in any court.

Unless, then, there appears in this record some error of a fundamental character, or it is manifest that gross injustice has been done, the judgment must be affirmed. And this we cannot say does so appear.

This suit was brought by Smith, and his wife subsequently joined in it, to recover of the city of Dallas damages which they claim to have suffered from the unlawful taking of certain of their lands, part of their homestead, in 1872, to make streets.

The defense was that plaintiffs had dedicated the ground to the public and that it was not homestead.

There was abundant proof, we think, to show that Smith had so dedicated the ground. He mapped the land, in 1859, into lots and blocks, showing streets running through the land, and since then has made very many sales of lots by reference to this map.

As to the homestead, there was proof tending to show that the homestead tract was not encroached upon by the streets. Mrs. Smith also had joined in a conveyance of several "blocks of ground as laid down on the map or plan of the town of Dallas." This ground was embraced within what had been claimed as her homestead, and to this conveyance her privy examination had been taken.

But there was also proof tending to show her acquiescence in the laying off of streets through this land, and that she had, indeed, moved away from the land in 1873, and lived at another place for a considerable length of time, and was, at the time of the trial, living on a lot which once was part of the homestead but belonged to a Miss Lane.

There was some conflict, of course, in the testimony, but it cannot be said that there was none to warrant the verdict of the jury, and it is not manifest that gross injustice has been done. In truth, when the ground in controversy was mapped off into streets, the land appropriated for them was of very trifling value.

But in the lapse of twenty years the prairie village has grown into a thrifty and populous city, and this trifling strip of ground has become of considerable value. This controversy over it seems to be an after-thought stimulated by this sudden growth and the sight of such abounding wealth. The claim for damages is laid at $20,000. The ground over which the city has made an easement is a strip of twenty by three hundred and twenty feet, the damages to the homestead, its use and enjoyment, "nominally nothing."

Dedications of land for the purposes of streets, etc., have been established in every conceivable way by which the intention of the party to dedicate could have been manifested. The proof may be any act of the party — by deeds, by parol or written declarations, or by acts. It may be made by a single act, if positive and unequivocal, and especially where purchases have been made upon the faith of it.

It may be made by laying down and describing streets, squares and other tracts set apart for the public, on the plan of a town, and filing such plan for record, and by the sale of lots with reference to such plan. And where a street is laid down on a plan and lots sold, but there may have been no effectual dedication to the public, the purchasers have a right to have the street opened and to use it. Wiggins v. McCleary, 49 N. Y., 348; Bayard v. Hargrove, 45

Ga., 342; Wilder *v.* St. Paul, 12 Minn., 204; Washburn, Easements, 138; Clements *v.* West Troy, 16 Barb., 251; Oswald *v.* Grenault, 15 Tex., 118; Lamar Co. *v.* Clements, 49 Tex., 348.

AFFIRMED.