[No. 19201.    Department Two.—February 7, 1894.]

## THE PEOPLE EX REL. JAMES HOWLAND, APPELLANT, v. P. J. DREHER, RESPONDENT.

STREETS—DEDICATION—INTENTION—ACCEPTANCE.—A common-law dedication is the setting apart of land for public use, and to constitute it, there must be an intention by the owner clearly indicating by his words or acts to dedicate the land to public use, and an acceptance by the public of the dedication.

ID.—REVOCATION BEFORE ACCEPTANCE.—An offer to dedicate land to public use may be revoked by the owner at any time before it has been accepted by the public.

ID.—QUESTION OF FACT—CONFLICTING EVIDENCE—APPEAL.—Dedication is a question of fact to be determined by a jury, or by the court sitting as such, and where the court below has found an offer to dedicate land as a public street, but that the same was never dedicated as a public street, or used or accepted by the public as such, upon testimony involving a substantial conflict, its finding will not be disturbed upon appeal.

ID.—ACTION TO ABATE NUISANCE—OBSTRUCTION OF STREET—RIGHTS OF RELATOR—AGREEMENT—ESTOPPEL.—An action in the name of the people of the state upon the relation of a private person to abate a nuisance alleged to have been committed by the obstruction of a public street is not brought to vindicate the private rights of the relator, or to secure for him any privilege not enjoyed equally by others; and the question cannot be considered in such action whether the relator had agreed with the defendant to open a public highway upon the line dividing their respective lands, or whether the defendant was estopped from objecting

that the line is a public highway, because the relator incurred expense in grading it, and that he will suffer pecuniary injury if the road is not opened.

Id.—Rights of General Public.—An action for the obstruction of a street is brought by the people to conserve the rights which the general public have in the street as a highway, and when it fails to prove that it is a highway, the public has no rights to conserve.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Attorney General W. H. H. Hart,* and *Westerman & Broughton,* for Appellant.

*W. A. Bell,* for Respondent.

Searls, C.—This is an action to abate a nuisance, alleged to have been committed by defendant by obstructing the south half of a public street for a distance of six hundred and sixty feet, which street is situate in the city of Pomona, county of Los Angeles, California.

The cause was tried by the court without the intervention of a jury, written findings filed and judgment rendered thereon in favor of defendant, from which judgment and from an order refusing a new trial plaintiff prosecutes this appeal.

The court upon the issues made by the pleadings as to whether the street in question had been dedicated and accepted as a public street, found:

That in the month of May, 1887, the *locus in quo* "was laid out and graded by private citizens, who offered to dedicate the same to the public as and for a public street, but the same was never dedicated as a public street or used or accepted by the public as a public street, or known by the public as Green street, or any street."

The court further found in substance that in May, 1891, defendant plowed up the south half of the strip of land in question, planted trees thereon and surrounded the same by a ditch, so as to render such south half of said proposed street impassable for vehicles, etc., but

that the land was not a public street and was never used or accepted as such.

Also that the relator, James L. Howland, owns land abutting on said proposed street, opposite the portion so plowed up and obstructed. That he has been in the habit of using it as a mode of egress and ingress to the land of him, the said Howland, and were it a public street it would be the only street running by or to his land by which he could have egress and ingress thereto.

The court further finds that the public does not, and has not, been accustomed to use said strip of land in any manner; is not discommoded or inconvenienced by said obstructions, etc. A common-law dedication is the setting apart of land for the public use, and to constitute a valid and complete dedication two things are necessary, to wit: an intention by the owner, clearly indicated by his words or acts, to dedicate the land to public use, and an acceptance by the public of the dedication. (Elliott on Roads and Streets, 85; *San Francisco* v. *Canavan*, 42 Cal. 553; *San Francisco* v. *Calderwood*, 31 Cal. 585; 91 Am. Dec. 542; *Harding* v. *Jasper*, 14 Cal. 647; *People* v. *Reed*, 81 Cal. 70.) And before it has been accepted the owner of the land is not precluded from revoking at any time the offer to dedicate. (*Heldane* v. *Trustees*, 21 N. Y. R. 478; *San Francisco* v. *Canavan*, 42 Cal. 553.) Dedication is a question of fact to be determined by a jury or by the court sitting as such. (*Harding* v. *Jasper*, 14 Cal. 648.)

This being so, and the court below having found the fact of acceptance against the appellant, upon testimony involving a substantial conflict, the result, upon well-established principles, will not be disturbed by this court.

Much of the argument of appellant is directed to the point that the relator, James L. Howland, who with the defendant Dreher agreed to open a public highway upon the line dividing their respective lands, and who was at expense in grading such contemplated highway, and who is claimed to have altered his condition in view of

CI. CAL.—18

such proposed highway so that pecuniary injury will ensue to him if the road is not opened, may invoke the doctrine of estoppel as against the defendant.

This action is not brought to vindicate the private rights of the relator, or to secure to him any privilege not enjoyed equally by others. It is brought by the people to conserve the rights which the general public have in the *locus in quo* as a highway. The predicate of those rights is *that it is a highway.* Failing in this the public has no rights to conserve.

In *Clements* v. *West Troy,* 16 Barb. 251, the proprietors of the village had laid out the same by a plan, upon which an alley was laid down and house lots conveyed bounded by the alley. The court said: "As between the original proprietors and those to whom they conveyed, this act of the proprietors secured a right of way. But the alley thus designated, and in respect to which the purchasers had acquired an indefeasible right of way, did not thereby become a public highway. The dedication must be accepted. The highway must be laid out. Until that is done, the alley would remain the property of the original proprietors, subject to the right of way in those who had taken the deeds of lots bounded upon the alley."

To much the same effect are *Underwood* v. *Stuyvesant,* 19 Johns. 186; 10 Am. Dec. 215; *Child* v. *Chappell,* 9 N. Y. 257; *Oswego* v. *Oswego Canal Co.,* 6 N. Y. 257; *Trustees of Village of Jordan* v. *Otis,* 37 Barb. 50.

Whether the relator, by reason of the transactions between himself and defendant, has or has not acquired rights peculiar to himself as an individual, which he can enforce, is not a question which under the pleadings and issues can be passed upon here.

The findings are all supported by evidence, and are conclusive of the case.

The judgment and order appealed from should be affirmed.

Temple, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

FITZGERALD, J., DE HAVEN, J., McFARLAND, J.