[S. F. No. 5698. In Bank.—September 8, 1911.]

## THE ASIATIC CLUB (a Corporation), Appellant, v. W. J. BIGGY et al., Respondents.

INJUNCTION—ORDER REFUSING WRIT PENDENTE LITE—JURISDICTION OF APPEAL.—In an action to obtain a perpetual injunction to restrain police officers from interfering with the premises of the plaintiff, an appeal from an order refusing to grant a temporary injunction *pendente lite* was improperly taken to the district court of appeal, the appellate jurisdiction in such case being vested in this court, and has been properly transferred to this court for hearing and determination.

ID.—DISCRETION TO REFUSE TEMPORARY INJUNCTION—CONFLICTING AFFIDAVITS—ORDER CONCLUSIVE UPON APPEAL.—The decision of the trial judge in refusing the temporary injunction cannot be disturbed upon appeal, in the absence of a clear showing of an abuse of discretion; and, where every allegation in the complaint and in the affidavits of the plaintiff in support thereof, tending to show an unauthorized interference by the police officers, defendants, with the rights of the plaintiff, was specifically and in detail denied by the affidavits presented for the defendants, the decision of the judge upon such conflicting affidavits is conclusive upon appeal.

ID.—ENTRIES BY OFFICERS PENDING ORDER TO SHOW CAUSE—SEARCH WARRANTS—BONA FIDE EFFORT TO STOP ILLEGAL GAMBLING—DUTY OF TRIAL JUDGE.—Where entries by the police officers defendants were shown pending the order to show cause why a temporary injunction should not issue, and were justified under search warrants obtained in good faith, for the purpose of showing that gambling games prohibited by section 330 of the Penal Code were conducted on such premises, and for the purpose of stopping such games and arresting the violators of the law, and the evidence before the trial judge was amply sufficient to show that plaintiff's so-called "club," was maintained solely in order to conduct illegal gambling games

therein, and that the object of the injunction was to prevent interference therewith by the police officers, it must be assumed that the judge was satisfied that such were the facts, and that it was his duty to deny the application for a temporary injunction.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to grant an injunction *pendente lite.* J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, Devoto & Richardson, and Devoto, Richardson & Devoto, for Appellant.

Charles M. Fickert, and Robert W. Harrison, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from an order of the superior court refusing to grant an injunction *pendente lite* in an action brought to obtain a judgment perpetually enjoining the defendants, members of the police department of the city and county of San Francisco, from entering upon or in any way interfering with plaintiff's possession and enjoyment of its premises at No. 118 Waverly Place in said city and county, which premises, it is alleged, are used by the members of said club solely for "educational and social purposes."

The complaint was filed November 6, 1908, and an order to show cause why a temporary injunction should not issue was made. The motion was heard upon the complaint and affidavits, and on June 22, 1909, the order to show cause was discharged, and a temporary injunction denied. An appeal was improperly taken to the district court of appeal for the first district, appellate jurisdiction in such a case as this being in this court. The matter has been transferred to this court for hearing and determination.

We see no merit whatever in this appeal. Counsel are necessarily compelled to concede that the decision of the trial judge in a matter of this kind cannot be disturbed by an appellate court in the absence of a clear showing of abuse of discretion, and that the decision of such judge upon a substantial conflict of testimony is conclusive in an appellate

court. Every allegation contained in the complaint and in the affidavits presented in support of the application for a temporary injunction, tending to show any unlawful or unauthorized interference with the rights of plaintiff or any of its members by the defendants or any one acting in collusion with them or under their direction, prior to the commencement of the action, was specifically and in detail denied by the affidavits presented for defendants. Some affidavits were presented on behalf of plaintiff tending to show that subsequent to the commencement of the action and while the order to show cause why an injunction should not issue was pending, certain police officers on several occasions entered plaintiff's premises, using such force as was necessary to effect an entry, and on one of these occasions arrested all the persons found thereon. These entries were admitted, and were attempted to be justified, in some cases by the fact that the officers had a search warrant authorizing them to enter and search for implements intended to be used in the commission of crime, and in another case by the fact that they had information warranting the conclusion that crime was actually being committed thereon. There is no pretense that anything done by the officers in relation to these premises was not done in good faith, under the belief that gambling games prohibited by section 330 of the Penal Code were being conducted thereon, and for the purpose of stopping such games and arresting the violators of the law. We are not called upon here to consider the question of the sufficiency of the facts alleged in justification of those entries. The evidence before the trial court was amply sufficient to support a conclusion that the plaintiff's so-called club was maintained solely for the purpose of conducting certain gambling games prohibited by section 330 of the Penal Code, that such games were being constantly carried on therein in violation of such statute, and that the only object of the injunction sought was to prevent interference with such illegal practices by the proper authorities. Doubtless this was the conclusion of the learned trial judge, and the reason for his denial of a temporary injunction. In any event, in support of the action of the trial court we must so assume. This brings the case within the doctrine stated in a concurring opinion in *Pon* v. *Wittman,* 147 Cal. 280, 298, [2 L. R. A. (N. S.) 683, 81 Pac.

984], expressly agreed to by six members of this court. Assuming the facts to be as stated above, the plaintiff, to use the language of such opinion, "is in reality simply asking a court of equity to prevent the suppression of places maintained in violation of law." As stated in such opinion, "it needs no citation of authorities to substantiate the elementary proposition that equity will not stretch forth a helping hand for the purpose of aiding one in committing a crime." If the learned judge of the trial court. was satisfied by the evidence that the facts were as above stated, as we must here assume to have been the case, it was his duty to deny the application for a temporary injunction.

The order appealed from is affirmed.

Sloss, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.