[Civ. No. 18332. Second Dist., Div. Two. Apr. 13, 1951.]

WILLIAM A. LONDON et al., Appellants, v. VINCENT A. MARCO et al., Respondents.

Sylvan Y. Allen for Appellants.

Jerry K. Harter for Respondents.

WILSON, J.—Plaintiff has appealed from an order denying his motion for a preliminary injunction to restrain a foreclosure sale of property under a deed of trust.

Defendants Marco sold a single-family dwelling to plaintiffs. Pursuant to the terms of the escrow relating to the sale plaintiffs took possession of the property and some or all of them have occupied it continuously since September 15, 1949. As a part of the consideration the Marcos accepted a promissory note secured by a third deed of trust executed by plaintiff Theodore London for an amount in excess of $40,000, payable in installments. By reason of the nonpayment of the installment of $9,000 which became due on March 15, 1950, the trustee on April 11, 1950, gave a 90-day notice of declaration of default. After a lapse of 59 days from the date of the notice plaintiffs served a notice of rescission of the transaction. The 90-day notice of declaration of default elapsed on July 11, 1950. On that date the entire amount of the promissory note, plus interest, attorney's fees and costs, became due, in the sum of $40,867.97.

Notice of trustee's sale was published and shortly before the date fixed for the sale plaintiffs filed an action to restrain the sale. Upon the hearing of the order to show cause why a preliminary injunction should not issue counsel for plaintiffs stated that all taxes, including those due in the preceding April, had been paid. The court granted a preliminary injunction enjoining the sale of the property, in which order the court directed that plaintiffs make all payments of taxes assessed or payable against the property when the same were required and due. About 18 days after the issuance of the

preliminary injunction defendants ascertained that the taxes which became due and delinquent in April had not been paid, amounting to the sum of $3,394.11, and that on April 22, 1950, prior to the issuance of the preliminary injunction, an income tax lien had been filed against the property in the sum of $15,222.82. Thereupon defendants made a motion to dissolve the preliminary injunction on the ground that plaintiffs had misrepresented essential facts to the court with reference to the taxes. The motion was granted and the preliminary injunction dissolved on August 28, 1950, upon the ground that plaintiffs had perpetrated a fraud upon the court through their misrepresentations upon which the court had relied.

The trustee again began publication of notice of sale, scheduling the sale for September 26, 1950. On September 19, plaintiffs filed a dismissal of the action and simultaneously filed in the Santa Monica Branch of the Superior Court a complaint almost identical in substance with that in the dismissed action. In the latter complaint, and in affidavits filed in the action in support of an application for a preliminary injunction, plaintiffs did not disclose the fact that the former action had been heard in Los Angeles and that the preliminary injunction had been dissolved because of the fraud perpetrated upon the court. Upon motion of defendants the Santa Monica action was transferred for hearing before the court in Los Angeles, where plaintiffs' application for a preliminary injunction was denied.

In one of the affidavits filed upon the latter hearing plaintiffs' counsel stated he felt that an appeal from the order dissolving the preliminary injunction in the first action would be futile and the court was justified in feeling as it did and in dissolving the injunction.

The granting of a preliminary injunction is addressed to the sound discretion of the court. (*Lutz* v. *Western Iron & M. Co.*, 190 Cal. 554, 560 [213 P. 962] ; *Kendall* v. *Foulks*, 180 Cal. 171, 174 [179 P. 886] ; *Fresno Canal & Irr. Co.* v. *People's Ditch Co.*, 174 Cal. 441, 447 [163 P. 497].) The refusal to grant such injunction will not be reversed on appeal unless there appears to have been an abuse of discretion. (*Williams* v. *Los Angeles Ry. Co.*, 150 Cal. 592, 596 [89 P. 330] ; *Fresno Canal & Irr. Co.* v. *People's Ditch Co., supra*, at p. 451.) Where, as here, every allegation in plaintiffs' complaint and affidavits is denied (*Asiatic Club* v. *Biggy*, 160 Cal. 713, 715 [117 P. 912]) and where there is a substantial conflict in the evidence regarding an issue which may affect

the discretion of the court in passing upon the application for an injunction (*Piper* v. *Hawley*, 179 Cal. 10, 19 [175 P. 417]) an order denying an injunction will not be reversed.

■ It is a familiar rule not requiring the citation of authority that one who seeks the interposition of a court of equity must come into court with clean hands. ■ Plaintiffs' hands were more than slightly soiled (1) by the false statements made in the first action that taxes had been paid when in fact more than $3,000 remained unpaid at the time the statement was made, and (2) by the dismissal of the first action and the filing of the second in a branch court in the same jurisdiction without disclosing that the former action had been dismissed and that in such action the court had dissolved the preliminary injunction by reason of the false statement with reference to taxes.

Giving effect to all the facts and circumstances shown by the record, we do not find that the court abused its discretion in denying a preliminary injunction.

Order affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 1, 1951, and appellants' petition for a hearing by the Supreme Court was denied June 11, 1951.