[Civ. No. 18566. First Dist., Div. Two. Jan. 21, 1960.]

JAMES FLAVIO et al., Appellants, v. ROY A. McKENZIE et al., Respondents.

A. J. Harwood for Appellants.

O'Keefe & O'Keefe for Respondents.

KAUFMAN, P. J.—This is an appeal from a judgment denying appellants' request for an injunction pendente lite to restrain the respondents from maintaining a barricade across Cervantes Road in San Mateo County. On appeal, it is argued that the trial court abused its discretion in denying the injunction because: (1) Cervantes Road was dedicated and accepted as a public road; (2) Respondents' barricade is a public nuisance; (3) Appellants, Palpar, Inc., and Palomar Holding Company, as the owners in fee of the land embraced within the boundaries of the road, are entitled to have the barricade abated as a nuisance and trespass on their lands;

(4) The court erred in its rulings on the admission of evidence. There is no merit in any of these arguments.

Cervantes Road is located in the Palomar Park Subdivision and runs from a part of South Palomar Drive to a strip of property deeded to the city and county of San Francisco by the original owners of the entire 163.18 acre tract, Allis Chalmers Manufacturing Company. In the conveyance to the city and county of San Francisco, the original owners reserved for themselves and their successors the right to build roads and pass over the strip of land between the 163.18 acre tract and Whipple Road, now known as Edgewood Road. In 1927, appellants' predecessor in title, A. J. Harwood, acquired the tract from Allis Chalmers. Only the appellants, Palpar, Inc., and Palomar Holding Company participated in the hearing below. Cervantes Road was first surveyed and staked out in 1928 and 1929. There is apparently no dispute that these appellants are the owners in fee of the land embraced within Cervantes Road and also the owners of certain portions of the 163.18 acre tract, west of the parcels fronting on Cervantes Road. Between 1932 and 1955, all of the parcels fronting on Cervantes Road were sold to various purchasers. The respondents are the present owners of parcels abutting on Cervantes Road, who put up the barricade to protect themselves from liability due to the dangerous condition of the road.

The theory of appellants' first argument is that Cervantes Road is a public road, first, because the road was abandoned to public use and used by the public and, second, because all of the parcels fronting thereon were sold with reference to the road. As to the first point, it is clear that the evidence of use of the road for a number of years did not compel a finding that it was a public road. As pointed out in *Dunn* v. *County of Santa Cruz*, 67 Cal.App.2d 400, at 402 [154 P.2d 440]:

"The most that can be said is that the evidence of such use might have been considered with other evidence on the question of whether the owners intended to dedicate the road to public use. (*Lantz* v. *City of Los Angeles*, 185 Cal. 262, 268 [196 P. 481].) But there was other evidence showing that plaintiffs and other owners and their predecessors had referred to the road in conveyances made or accepted by them as a 'private road,' which evidence tended to negative any intention on the part of said owners to dedicate said road to public use."

■ As to the second point, appellants rely on the theory of implied dedication:

"A common law dedication has been described as 'a voluntary transfer of an interest in land . . .[which] partakes both of a nature of a grant and a gift, and is governed by the fundamental principles which control such transactions.' (*County of Inyo* v. *Given,* 183 Cal. 415, 418 [191 P. 688]; *People* v. *Dreher,* 101 Cal. 271, 273 [35 P. 867].) [3] Essential to such a dedication are an offer by the owner of the land, clearly and unequivocally indicated by his words or acts, to dedicate the land to a public use and an acceptance by the public of the offer. (*Manhattan Beach* v. *Cortelyou,* 10 Cal.2d 653, 660 [76 P.2d 483]; *People* v. *Dreher, supra,* at p. 273; *Cerf* v. *Pfleging,* 94 Cal. 131, 135 [29 P. 417]; *San Francisco* v. *Canavan,* 42 Cal. 541, 552-553.)" (*Union Transp. Co.* v. *Sacramento County,* 42 Cal.2d 235, at p. 240 [267 P.2d 10].)

■ The record in the instant case is devoid of clear unequivocal acts of the owner to dedicate the land to public use. The parties stipulated as to the relevant contents of 15 deeds to parcels fronting on Cervantes Road. Of these 15 deeds, 3 deeds refer to the road as private; 1 deed refers to it as a "public highway"; 6 deeds refer to a 40' road or Cervantes Road; 3 refer to a point on a 40' right of way described in deeds to P. G. & E; 2 deeds did not mention the road at all. At the hearing, an additional deed was produced which referred to Cervantes Road as "private." At the trial, appellants' witness, A. J. Harwood, testified that he impliedly dedicated the road to the public by making sales of land on both sides of the road with reference to it. He admitted, however, that if the county had accepted the road for dedication, it would be the duty of the county to maintain it. He further admitted that the road had never been formally dedicated to the county or accepted by the county. He explained the "private road" language in one of the deeds there to show that the county did not assume control or maintenance of the road, and had never done so. He stated that from 1933 (when the first parcel was sold) to the present, it was the responsibility of the abutting owners to maintain the road. He further testified that he never represented to anyone that the road was private or would remain so and that one of his grantees, one Duggan, against his consent and express statement, put up signs saying "Private Road" in 1944. Respondents' witness testified

that Cervantes Road was not a county road and not shown on the official map as a ''dedicated road.''

Several of the respondents testified that when they bought the property from Harwood, he told them the road was private; that there had always been signs up proclaiming the road as ''private.''

There was also very little evidence to support appellants' argument that the barricade erected by the respondents was either a public or a private nuisance. Only appellants' witness, Harwood, testified that the road was not dangerous and that he could not get around the barricade. All of respondents' witnesses including an expert witness, found the road to be in a dangerous condition. The court, with permission of the parties, viewed the road and found it was dangerous but that ample provisions had been made for access to the road by the appellants, as there was a by-pass on the Miller property. Appellants cite section 370[1] of the Penal Code. This section, however, like section 3479[2] of the Civil Code, is limited to obstructions of *public* streets and highways. At the most, the evidence produced a conflict as to the physical condition of the road, the necessity for a barrier, and whether appellants had adequate access, all of which have a bearing on the issues which may affect the discretion of the court in passing on the appellants' application for a preliminary injunction. (*London* v. *Marco*, 103 Cal.App.2d 450-453 [229 P.2d 401].)

As to the matter of the trespass on appellants' land, as pointed out above, the trial court inspected the premises. It is well settled that the granting of a preliminary injunction is addressed to the sound discretion of the trial

---

[1] "§ 370. Public nuisance defined

"Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a public nuisance. (Enacted 1872. As amended Code Am. 1873-1874, ch. 614, p. 431, § 30.)"

[2] "§ 3479. Nuisance defined

"Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance. (Enacted 1872. As amended Code Am. 1873-1874, ch. 612, p. 268, § 284.)"

court, which is to be exercised according to the circumstances of the particular case (*Kendall* v. *Foulks*, 180 Cal. 171 [179 P. 886]); and its action upon such application will not be disturbed on appeal unless it shall clearly appear that there was an abuse of discretion. (*Union Interchange, Inc.* v. *Savage*, 52 Cal.2d 601 [342 P.2d 249]; *Fresno Canal etc. Co.* v. *People's Ditch Co.*, 174 Cal. 441 [163 P. 497].)

It is also the rule that the discretion should be exercised in favor of the party most likely to be injured. (*McCoy* v. *Matich*, 128 Cal.App.2d 50 [274 P.2d 714].) We think this was properly and well done here. As pointed out in the McCoy case, *supra*, at page 53, it is not necessary on the question of issuing an injunction pendente lite to determine the ultimate rights of the parties, and this is what appellants are attempting to achieve here. The purpose of a preliminary injunction is to preserve the *status quo* until the merits of the action can be determined. (*Harbor Chevrolet Corp.* v. *Machinist Local Union 1484*, 173 Cal. App.2d 380 [343 P.2d 640].)

Appellants' final argument on appeal is that the trial court erred in admitting certain testimony which was damaging to their view of the case. We can also find no abuse of discretion here.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 16, 1960.