[Civ. No. 20891.   First Dist., Div. Two.   July 23, 1963.]

JAMES FLAVIO et al., Plaintiffs and Appellants, v. ROY A. McKENZIE et al., Defendants and Respondents.

A. J. Harwood for Plaintiffs and Appellants.

Harry Sullivan for Defendants and Respondents.

AGEE, J.—The main issue here is whether a certain roadway running through a tract of land in San Mateo County was dedicated to public use.

Plaintiffs brought this action to enjoin defendants, who own homes in the tract, from obstructing such public use. Plaintiffs were denied a preliminary injunction after a full hearing. The judgment was affirmed on appeal. (*Flavio* v. *McKenzie* (1960) 177 Cal.App.2d 274 [2 Cal.Rptr. 79].)

The action thereafter went to trial. Plaintiffs appeal from the ensuing judgment in favor of defendants, which decreed that the roadway, known as ''Cervantes Road,'' is a private road and that no person, other than an abutting owner of land along said roadway, has any right in or to the same or to the use thereof and that said roadway has never been dedicated to public use; that the defendants and all other owners of land abutting on said roadway each have an easement therein and a right of way for ingress and egress; that said road is not subject to public use or to use by the corporate plaintiffs, who hold only the naked legal title to said roadway.

A. J. Harwood, the attorney for appellants, acquired this tract, consisting of 163.18 acres, in 1927. In 1928 and 1929, he surveyed and staked out a 40-foot strip of land running through said tract for use as a roadway. The remaining portion of the tract was divided into 17 lots, all of which fronted on either side of the roadway. All of these lots were sold between 1933 and 1955 to various buyers.

The roadway connects with South Palomar Drive at one side of the tract and with Edgewood Road (formerly Whipple Road) at the opposite side. There is an intervening strip of land between the tract and Edgewood Road and the road connects the two over a right of way appurtenant to said tract. The entire length of the roadway is approximately ¼ mile.

South Palomar Drive and Edgewood Road are county roads and are maintained as such by the county. Cervantes Road has never been maintained by the county and the county has never accepted it as a county road.

Appellants correctly state the general rule, as follows: ''To effect a dedication of land by a private owner to

public use, it is essential that there be an unequivocal offer of dedication by the owner and an unequivocal acceptance of the offer by the public. No particular formality is necessary, the offer to dedicate by the owner and the acceptance by the public may be manifested in innumerable ways." (See also 15 Cal.Jur.2d, Dedication, § 21, p. 285.)

To this may be added the following: "A basic axiom in the law of dedication is that it is not a trivial thing to hold that private property has been dedicated to public use. Whatever the manner in which a dedication is effectuated, the intention of the owner to set apart land for the use of the public—the animus dedicandi—is the foundation of every dedication, and must be unequivocally manifested." (15 Cal.Jur.2d 287.)

Appellants contend that an offer of dedication is established by findings 2 and 3, made by the trial court. These findings are as follows: "2. That in the years 1928 and 1929, predecessors in interest of plaintiff corporations were then the owners of a tract of land . . . And that at that time the then owners staked out and surveyed a strip of land 40 feet wide through the said tract for a road and also 17 parcels of land which fronted on either side of said 40 foot strip or road; and that also at said time the then owners graded and improved the said 40 foot strip for use as a roadway. 3. That the said 17 parcels of land, together with the said roadway, comprised a tract or subdivision of lands but were never platted or a map thereof placed of record in the office of the Recorder of said County of San Mateo."

We do not agree that these findings of fact impel the legal conclusion that the roadway was thus, as appellants assert, "dedicated and abandoned to public use."

As stated above, in order to effect a dedication of private property to a public use, the law requires an *unequivocal offer* of dedication by the owner. (*Union Transp. Co.* v. *Sacramento County,* 42 Cal.2d 235, 240 [267 P.2d 10] ; *Flavio* v. *McKenzie, supra,* p. 277.) Whether or not such an unequivocal offer was made is a factual question to be determined from all of the pertinent circumstances. (*Ball* v. *Stephens* (1945) 68 Cal.App.2d 843, 847 [158 P.2d 27].)

A map of the tract was never recorded, nor was the tract platted by appellants or their predecessors, although Harwood had done so with respect to his nearby Palomar Park Subdivision at the same time (1928) that he claims that the roadway involved herein was being offered for dedication.

■ These are among the recognized means of making an offer of dedication. "Dedication by map or plat is a common method of dedicating land to public use." (15 Cal.Jur. 2d 294.) "[T]he act of recording—that is, filing for record—a map of land, showing it subdivided into defined areas separated by roads or streets, . . . will normally operate as an express offer to dedicate to public use." (15 Cal.Jur.2d 299.)

■ The first deed of any of the lots was made by Harwood on March 16, 1933, to one Schudel. The description therein refers to the roadway as a "40-foot private road." The next two deeds, recorded June 23, 1944, and October 10, 1944, respectively, referred to it as a "Private Road." It is true that the sixth deed, recorded March 10, 1949, contained the phrase, "Line of Cervantes Road a public highway." While appellants place great emphasis upon this wording in said deed, we think that it is but a circumstance to be considered with all others and is not conclusive on the issue.

The road was never again referred to in any such way in any of the remaining deeds, the last of which was recorded on March 6, 1955.

■ Appellants argue that the use of the term "private road" in the various deeds merely indicated that the road, although open to public use, had not been accepted by the county as a county road.

Appellants cite section 1128 of the Streets and Highways Code as an example of a private road open to public use. This section and those following provide for the opening and laying out of roads "for timber access purposes." Such roads are to be constructed by the county through the exercise of its power of eminent domain. The section refers to these roads as "[p]rivate or by-roads."

However, the use of the term "private road" in the instant case is entirely foreign to roads constructed by a county under the authority of a statute. Not only did the county have absolutely nothing to do with the laying out and construction of the road in question, but it seems clear to us from the testimony of the buyers that they understood the term in its simple, nontechnical context, the better to contrast it with a road that has been dedicated to public use. We are equally satisfied that the trial court used the term "private road" in its findings, conclusions and judgment in the same manner.

It may well be that a "private road" may be one that is maintained by the abutting landowners, rather than by a public body, and yet be open to public use. But, as we have

said, we do not believe that it is reasonable to so interpret the term in this case.

At least one year before the execution of the March 10, 1949, deed by appellants, containing the ''public highway'' reference, the road had been posted as a private road. The court made the following finding: ''That the said road is now commonly known as Cervantes Road and has entrances thereto at South Palomar Drive and Edgewood Road at which there are signs posted, reading, 'Private Road' and 'No thru-traffic,' which has been maintained there since 1948 or prior thereto.''

■ Appellants contend that, by deeding all but 2 of the 17 lots ''with [some] reference to the road,'' this amounted to an ''implied'' dedication of the road. We do not think that any such implication necessarily follows or that such references necessarily indicate an *unequivocal* offer of dedication. As stated in *Smith* v. *City of San Luis Obispo,* 95 Cal. 463, 466 [30 P. 591], which is relied upon by appellants: '' 'The vital principle of the dedication is the intention to dedicate; and whenever this is *unequivocally* manifested, the dedication, so far as the owner of the soil is concerned, has been made.' '' (Italics ours; the quote in the opinion is from *Harding* v. *Jasper,* 14 Cal. 642, 648.)

■ Appellants point to the use of the road by members of the public generally. Such use does not compel a finding that this made it a public road. As stated in *Dunn* v. *County of Santa Cruz,* 67 Cal.App.2d 400, 402 [154 P.2d 440]: ''The most that can be said is that the evidence of such use might have been considered with other evidence on the question of whether the owners intended to dedicate the road to public use.'' (See also: *People* v. *La Vista Cemetery Assn.* (1959) 175 Cal.App.2d 197 [345 P.2d 590].)

■ Another circumstance to be considered is that the road was so constructed and maintained that it would tend to negative any conclusion that the owners intended to dedicate it to the use of the public. The court found, in this respect, as follows: ''That only 12 to 14 feet of the 40 foot strip of land of the right of way or road known as Cervantes Road is suitably surfaced and graded for vehicular traffic and is not of sufficient width to permit two vehicles to pass each other and the pavement or surface thereof is worn, dilapidated and with deep ruts and holes in the pavement or surface thereof and does not have proper drainage.''

Respondents state, and appellants do not deny, that the

evidence before us is substantially the same, if not *the same,* as that before us on the prior appeal. It was held therein that "[t]he record in the instant case is devoid of clear unequivocal acts of the owner to dedicate the land to public use." (*Flavio* v. *McKenzie, supra,* p. 277.) We reaffirm this holding.

■■■ There not being a sufficient offer of dedication, the question of acceptance thereof by the public becomes moot.

It is also unnecessary to discuss the trial court's conclusion, based upon its findings as to representations made to buyers that Cervantes Road was a private road and not a public road, that "the plaintiff corporations are estopped to deny that Cervantes Road is a private road for the use and benefit of the abutting owners." Whether or not said appellants were so estopped would not change the result in this case.

Appellant corporations assert their capacity to sue on the ground, among others, that they were prevented from hauling rock over Cervantes Road to customers in Palomar Park Subdivision, thereby extending the length of the haul from their rock quarry located on Edgewood Road. Respondents do not reply to this contention and we shall assume that they are not disputing the point.

Lastly, appellants contend that, "even if Cervantes Road were not a public highway, the plaintiffs are entitled to an injunction against the barricade under the authority of *Stallard* v. *Cushing,* 76 Cal. 472."

This case deals only with the rights of owners of land abutting on an alley or road and is applicable only to appellants Flavio and his wife, since the corporate appellants do not own any of the property abutting on Cervantes Road and it is not subject to their use.

The facts concerning the barricade were found by the court to be as follows: "That on or about April 17, 1958 and May 10, 1958, and between said dates and thereafter that portion of Cervantes Road was then in such a dangerous and hazardous condition and with portions of the roadway having subsided or fallen away, that the defendants in order to prevent the use of the road in its then condition by persons not authorized to use their easement and right of way in Cervantes Road and to protect themselves from liability for damages that might result from injury to the person or property of such persons did place a barrier across said road and posted signs thereon reading, 'Road Closed' and placed warning lights in front of said barrier."

There is no evidence that the Flavios were at any time

prevented from exercising their right to use the roadway for ingress and egress.[1] They did not appear or testify at either the preliminary injunction hearing or the trial itself. They made no showing that they had sustained any damages as a result of the barrier.

The trial court expressly found as follows: ''That at said times [while the barrier was in place] the plaintiffs, James Flavio and Helen Flavio, were then the record owners of one of said parcels of land along siad [sic] road but were not residing thereon, nor did they during such time engage in, or begin, the construction of a home, nor inform the defendants that they intended to do so, *nor did the defendants then, or at other time deny them access to their property or land or the right of ingress and egress over said Cervantes Road.*'' (Italics ours.)

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied August 12, 1963, and appellants' petition for a hearing by the Supreme Court was denied September 18, 1963.

---

[1]The record shows that one of the abutting owners had provided a detour around the barricade.