IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF FRANKLIN,

ARGUED AT JUNE TERM, 1845.

---

THE STATE OF MAINE *versus* THE INHABITANTS OF STRONG.

To sustain an indictment, charging a town with neglecting to keep in repair a *public highway* within its limits, there must be proof of the existence of such a way. It cannot be sustained by proof of the existence of a town or private way.

Proof that a way has been used as a road for more than thirty years, encumbered all the time with gates and bars in the summer seasons, without its having ever been fenced on its sides, is not sufficient to show, that it is a *public highway.*

The one hundred and first section of the twenty-fifth chapter of the Revised Statutes, does not prevent a town from denying the existence of a public highway within its limits, when indicted for neglecting to repair such highway.

EXCEPTIONS from the District Court, REDINGTON J. presiding.

This was "an indictment for neglecting to keep in repair a certain public highway, so called, in said town."

On the part of the State it was proved, that the way had been used as a road for more than thirty years; that it now is, and always has been in the summer seasons, during said term of time, encumbered with gates and bars; that said way never has been fenced out as a road; that within six years next before the finding of the indictment the same highway had been included within the limits of a highway surveyor of the town, and repairs made thereon under his direction.

The presiding Judge instructed the jury, that this evidence, if believed, was sufficient to prove that the way was duly located, so that the town was bound to keep it in repair. The verdict was guilty ; and exceptions to the instructions of the Judge were filed in behalf of the town.

*Stubbs,* for the town, among other grounds, contended that the indictment could not be supported, because it was alleged in the indictment that the road was a " public highway," and the user of the way proved, was a mere private way, across which there had always been gates and bars. This might, perhaps, give individuals the right to use this as their private way, but could not make it a public highway. *Com.* v. *Low,* 3 Pick. 408.

The indictment cannot be maintained, upon this proof, under Rev. Stat. c. 25, § 101. The language of the statute, in this section applies only to the case of injuries to individuals, and not to a neglect to put or keep the road in repair. If it applies to a case like this, the practical operation will be, that a majority of the selectmen of a town, and one surveyor of highways, may lay out a road which the town is bound to keep in repair, in defiance of the majority of the inhabitants of the town and of the County Commissioners. And in this way the owner will lose his land without any means of obtaining compensation therefor.

The *Attorney General,* for the State.

The opinion of the Court, WHITMAN C. J. taking no part in the decision, not having been present at the argument, was drawn up by

SHEPLEY J. — To sustain this indictment, charging neglect to keep in repair a public highway, there must be proof of the existence of such a way. It cannot be sustained by proof of the existence of a private or town way. *Commonwealth* v. *Newbury,* 2 Pick. 56 ; *State* v. *Sturdivant,* 18 Maine R. 66. It is not therefore necessary to determine, whether the proof would be sufficient to establish a town way.

The proof relied upon to establish a highway is, that it has been used as a road for more than thirty years, and encumbered all the time with gates and bars during the summer seasons, without having ever been fenced on its sides.

Any person is authorized by statute, c. 25, § 97, to remove gates, rails or bars, across any highway, unless they have been placed there to prevent the spread of an infectious disease, or by license of the County Commissioners.

If a public highway should be considered as established by this proof, the effect would be to deprive the citizens, over whose land it passes, of the right to keep up their gates and bars, as they have been accustomed to do for thirty years, unless they could obtain license from the County Commissioners; and to compel them to fence out the way without any compensation, if they would protect their fields. They have not dedicated the way to the public as an open highway; and additional burdens cannot for the public convenience be imposed upon them, without their consent, and without compensation. The citizens have obtained the right to use the way, as they have been accustomed to use it; but in this State, there can be no such public highway, as towns are compelled to keep in repair, created by a partial and limited dedication of a right of way.

Nor can the statute, c. 25, § 101, be considered as preventing a town from denying the existence of a highway, when indicted for neglecting to repair it. That section has reference to indictments and actions to recover damages for injuries received by reason of any neglect to repair the way. When the words, "if on trial of any indictment," are considered in connection with the remaining language of the section, it will be apparent, that they do not comprehend indictments of this description; for the limitation of six years applies equally to the indictment and the action. And the repair must be made within "six years before such injury;" that is, before the injury which is the foundation of the indictment or action. If the statute were considered as applicable to this and other like cases, there would often be found no certain time or event, from which the limitation of six years could be reckoned. For

highways are often found to be out of repair, when no certain time can be fixed upon as the time, when they were first in that condition.   The word, *injury,* clearly refers to a private one suffered by some person, and not to the public inconvenience occasioned by the neglect to repair.   That an indictment may be found and maintained to recover damages, when the injury occasioned has been the loss of life, is provided by c. 25, § 89.   To such indictments reference was had in that section.   This indictment cannot be sustained upon the proof presented in the case.

*Exceptions sustained and new trial granted.*