[No. 11300.    Department Two. — August 26, 1886.]

HUGH QUINN, APPELLANT, v. GEORGE ANDERSON ET AL., RESPONDENTS.

PUBLIC HIGHWAY — DEDICATION — CONCLUSION OF FACT — INTENTION. — The dedication of a road as a public highway is a conclusion of fact to be drawn from all the circumstances of each particular case, and cannot be presumed without evidence of an unequivocal intention on the part of the owner to make the dedication.

ID. — ERECTION OF GATES OVER ROAD. — The erection and maintenance of gates or other obstructions over a road is strong evidence in support of a mere license to the public to pass over it, and in rebuttal of its dedication to public use.

ID. — EVIDENCE OF DEDICATION. — Stronger evidence is required to establish the dedication of a neighborhood or timber road than of a thoroughfare, and in case of a county road than of a street in a town or city.

ID. — ACTION TO ENJOIN OBSTRUCTIONS — DAMAGES — FINDINGS — IMMATERIAL ISSUE. — In an action to enjoin the obstruction by the defendants of an alleged public highway over their land, and to recover damages for past obstructions, the issue raised as to the damages is immaterial, and no finding thereon is necessary if the court finds that the *locus in quo* belongs to the defendants, and never was a public highway.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Street & Street*, for Appellant.

*F. D. Nicol*, for Respondents.

SEARLS, C. — This is an action to enjoin the defend-, ants from obstructing a highway in the county of

Tuolumne, and to recover damages for obstructing the same.

Defendants had judgment, from which, and from an order denying a new trial, the plaintiff appeals.

The cause was tried by the court without a jury, and the findings show: —

1. That in September, 1883, defendants-closed up that certain road leading from the county road known as the Sonora and Montezuma road, through the lands of the defendants to the ranch of the plaintiff.

2. That plaintiff had been accustomed to travel said road during the summer season for some ten years, and that persons having business with the plaintiff occasionally traveled the same in going to his ranch.

3. That said road was traveled by the public generally from 1850 to 1858, but for a period of twenty-seven years last past has been abandoned by the public as a highway; that said road was never dedicated to or accepted by the public as a highway, and was never marked off or declared a highway.

4. That plaintiff has a good road leading through his own lands to the county road, which causes him to travel some two miles farther to market.

The conclusions are, that the road in question is neither a public nor private highway, and that plaintiff has suffered no damage by reason of defendants' acts in obstructing the road.

Public highways in this state "are roads, streets, alleys, lanes, courts, places, trails, and bridges laid out or erected as such by the public, or if laid out or erected by others dedicated or abandoned to the public, or made such in actions for the partition of real property." (Pol. Code, sec. 2618.)

It is not shown by the record that the road in question was ever laid out or erected by the public as a highway.

Was it ever *dedicated* or abandoned to the public as such highway?

The findings of the court below answer the question in the negative.

"The vital principle of dedication is the intention to dedicate, the *animus dedicandi*, and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made." (Angell on Highways, sec. 142.)

Dedication is therefore a *conclusion of fact* to be drawn from all the circumstances of each particular case.

The sole question as against the owner of the soil in such cases is, Does the evidence show an intention on his part to dedicate the land to the public as a highway ?

Dedication is never to be presumed without evidence of an unequivocal intention on the part of the owner. (Angell on Highways, sec. 147.)

This intention may be inferred, however, by any acts on his part which satisfy the mind of the existence of the intent, and the character of the acts requisite will depend very much upon the situation of the land over which the way is claimed, its surroundings, uses, and a variety of other circumstances tending to illustrate the intent.

We do not find in the evidence before us such proof of a dedication of the *locus in quo* to the purposes of a highway, either public or private, as will warrant us in disturbing the findings of the court below.

It appears that the passage of the road had for years been barred by gates or other obstructions, to be opened and closed by parties passing over the land.

This, in the absence of a statute providing therefor, as is sometimes found in case of highways, has always been considered as strong evidence in support of a mere license to the public to pass over the designated way, and in rebuttal of a dedication to public use. (Angell on Highways, sec. 152; *Commonwealth* v. *Newbury*, 2 Pick. 51; *Proctor* v. *Lewiston*, 25 Ill. 153; *State* v. *Strong*, 25 Me. 297.)

Again, stronger evidence is required of the dedication of a neighborhood or timber road than of a thoroughfare (*Onstott* v. *Murray*, 22 Iowa, 457); and in case of a country road than of a street in a town or city. (*Harding* v. *Jasper*, 14 Cal. 649.)

The complaint avers that the plaintiff has been damaged by the wrongful acts of defendants in obstructing the road, in the sum of $250. This is denied by the answer.

There was some testimony on the part of plaintiff tending to show injury sustained by him on account of the obstruction of the highway. There is no direct finding by the court on this issue, and plaintiff assigns this omission as error.

The rule is well established in this court that the findings must be responsive to and cover all the material issues in the case.

A material issue may, however, become immaterial so as to require no findings by reason of findings upon other issues. (*Porter* v. *Woodward*, 57 Cal. 535; *McCourtney* v. *Fortune*, 57 Cal. 617.)

That was precisely the case here. If the alleged highway was not such in fact, and if the defendants had a right as the owners of the land over which it passed to obstruct and close it, then, as their acts were lawful, there could be no recovery against them, and manifestly the question of the injury sustained by plaintiff became immaterial, and no findings as to the amount thereof could avail by way of benefit to him.

No damage can be recovered for the consequences of a lawful act properly performed.

In such cases, if an injury is sustained, it is *damnum absque injuria*.

The judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.