[No. 12175. Department Two. — December 20, 1889.]

JOHN SMITHERS, RESPONDENT, v. ISAAC FITCH
ET AL., APPELLANTS.

ROADS AND HIGHWAYS — OPENING OF PUBLIC ROAD — JURISDICTION OF
SUPERVISORS — NOTICE OF APPLICATION. — A person who claims a right,
under proceedings of the supervisors, to open a public highway, must
show a strict compliance with all the provisions of the statute. If the
notice of an application to the supervisors for a public road is not posted
upon the door of the supervisors' room as required, or does not specifi-
cally set forth the intermediate points through which the road is to pass,
or is not given for a sufficient length of time before the hearing of the
application, the supervisors acquire no jurisdiction to establish the road
as a public highway.

ID. — ROAD FOR TWO COUNTIES — CONCURRENCE OF VIEWERS. — In proving
the establishment of a road which was petitioned for to be established in
two counties, it is essential that there be shown a concurrence of the
viewers with the petitioners as to the necessity of the establishment of
the entire road petitioned for; else the supervisors have no jurisdiction
to open any part of the road.

ID. — PRESCRIPTIVE USER — CONFLICT OF EVIDENCE — FINDING — APPEAL —
QUESTION OF FACT. — When the evidence is conflicting as to the acqui-
sition of a highway by public user for a period of five years, a finding of
the court below against such user will not be disturbed upon appeal.
The question of highway or no highway is a question of fact to be deter-
mined by the trial court, as such.

ID. — DEDICATION — GATES — LICENSE. — Where gates are established across
a road, to be opened and closed by persons passing over the land, the
maintenance of such gates, in the absence of a statute permitting them to
be maintained on a public highway, is strong evidence in rebuttal of a
dedication to public use, and in support of a mere license to the public
to pass over the designated way.

ID. — EVIDENCE OF DEDICATION — PETITION FOR HIGHWAY. — A petition for
a highway bearing the name of the owner of the land is not evidence of
a dedication of any part of the land for a highway, if the genuineness of
the signature is not proven, or if the petition does not show that the
proposed road is to pass over his land, or if it does not appear that notice
of the petition was given as required by law.

ID. — TRESPASS BY ROAD OVERSEER — INJUNCTION. — When trespasses al-
ready committed by a road overseer in removing obstructions from an
alleged highway which has no legal existence would probably be indefi-
nitely repeated, an injunction may be granted to avoid a multiplicity
of actions.

CONDUCT OF TRIAL — EVIDENCE — LEADING QUESTIONS — DISCRETION. — It
is in the discretion of the trial court to permit a leading question to be
put to a witness by the party calling him.

APPEAL from a judgment of the Superior Court of
Napa County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. F. Henning, H. M. Barstow, Spencer & Henning,* and
*Henry Hogan,* for Appellants.

*Wallace & Johnston,* and *F. E. Johnston,* for Respond-
ent.

FOOTE, C. — This action was for an injunction re-
straining the defendants from entering upon the plain-
tiff's premises, and taking down or removing his gates,
or in any manner interfering with his premises, and
for damages for acts of that kind already done. The
case was tried before the court without a jury; the plain-
tiff had judgment for an injunction as prayed for, and
damages in the nominal sum of one dollar and costs.
The defendants appeal from the judgment, and an order
denying a new trial.

The contest arose over the right asserted by one of the
defendants, Fitch, a road-overseer or road-master, acting
under the authority and by the direction of Gosling, as
a member of the board of supervisors of Napa County, to
remove the gates of the plaintiff from what was alleged
to be a public highway, and which right, so claimed,
had already been twice exercised by the road-overseer.

The defendants asserted that, some time in the month of August, 1863, there was laid out and constructed over the lands now owned by the plaintiff a public road and highway, which, for more than twenty years next ensuing from and after the year above mentioned, was used as such by the public, with the acquiescence of the plaintiff and his predecessors; that about 1885 the plaintiff obstructed the road at a point where it runs over or upon his land, and the acts of taking down the gate complained of were to remove an obstruction from the public highway, which it was their lawful right to do. They defend the alleged trespasses on the grounds that the gate was an obstruction on a public road, which had been duly established by the board of supervisors, and had become a public road, if not so established, by the user of the public. It is claimed by the appellants, —

1. That the evidence shows, contrary to the findings of the court, that the road thus obstructed by the plaintiff was duly and legally declared a public highway by the board of supervisors of Napa County.

2. That even conceding it was not so declared, that the evidence is conclusive that the road became a highway by the use of the public of it as such.

The statute under which it is asserted the board of supervisors attempted to declare a public highway is to be found in the acts of 1861, pages 389 et seq., as amended May 12, 1862. (Stats. 1862, p. 525.) That act requires, in section 1 thereof, that three notices shall be posted in public places in the county, and one such notice shall be posted "*on the door* of the room in which the board of supervisors of the county hold their meetings, at least thirty days previous to the time of making such application, which application shall only be made at a regular meeting of" such board, and that in such notice there shall be specifically set forth " the place of beginning, the intermediate points, if any, a general description

of the proposed route, the termination of said road, or the particular portion of said road proposed to be altered or vacated, and the time at which the application will be made."

The defendants did not attempt to introduce any such notice; and there is nothing in the record to show that if one was given at all, it complied with the statute.

The appellate court said, in *Sherman* v. *Buick*, 32 Cal. 256, 91 Am. Dec. 577, with reference to a similar provision of law: "It is well settled that a party who claims a title or right of the character set up by the appellants must show a strict compliance with all the provisions of the statute."

This notice so prescribed to be posted, and to contain certain specific things, is not shown to have been given; hence the board of supervisors did not have jurisdiction to establish the road as a public highway. And even had a notice been posted as required, it was not shown that it set forth specifically the intermediate points, and this was necessary to its validity. (*Potter* v. *Ames*, 43 Cal. 75–80.)

Again, there is no report of the viewers offered in evidence, and it is not known whether the report complied with the provisions of section 5 of the act of 1861 as amended in the act of 1862, *supra*. There is nothing to indicate that the viewers in their report concurred with the petitioners, if there were any such, as to the propriety of the establishment of the whole road, which it may be here remarked contemplated a road to be established in two counties; and this concurrence of viewers is held to be necessary in *Brannan* v. *Mecklenburg*, 49 Cal. 672–676.

We conclude, therefore, that the findings with reference to the non-establishment of the road as a public highway by the board of supervisors are sustained by the evidence.

The question then recurs as to the establishment of

the road by use for five years by the public.  It is claimed that Markwood, under whom the plaintiff claims, and who owned a part of the land when the road was attempted to be established, signed a petition to that effect in 1863, and that, by virtue of the statute as it then stood, his signing that paper was a dedication by him of the land as a public road, and binds his successors in interest.  There was no petition introduced showing what kind of a petition he may have signed, or whether it complied with the statute, nor was there any statutory notice given, as before said; hence that contention is without force.

But it is urged that, under section 2619 of the Political Code of 1873, "all roads used as such for a period of five years are highways," without reference to the consent of the owner; "this was not a right gained by prescription, but by the express terms of the code."  (*Hope* v. *Barnett*, 78 Cal. 14.)

The evidence for the plaintiff shows that one William Markwood lived on a portion of the premises as early as 1861, and had these lands inclosed by a brush fence.  In 1863 this same Markwood had a portion of the premises (where the gate stood which was removed by the defendant Fitch) inclosed and sowed in grain.  The brush fence remained until the plaintiff built a board fence in its place, in 1878 or 1879.  There was an inclosure of a part of the road, and bars placed across it on the east line of the lands of plaintiff from 1863 to the time when the trespasses complained of were committed.  After he built the board fence, the plaintiff locked the gates, and has never allowed any travel over the road except with his consent.

Where gates are established, as in this case, across a road to be opened and closed by parties passing over the land, in the absence of a statute providing that such gates may be maintained on a public highway, it "has always been considered strong evidence in support of a

mere license to the public to pass over the designated way, and in rebuttal of a dedication to public use." (*Quinn* v. *Anderson,* 70 Cal. 456.)

"The question of highway or no highway was one of fact, to be passed upon as such by the court, and was properly determined as such." (*Tait* v. *Hall,* 71 Cal. 152; citing *Harding* v. *Jasper,* 14 Cal. 642.)

It is apparent that the court below resolved the conflict of evidence in regard to the user for five years by the public in favor of the plaintiff's contention that no such user as defendants contended for had taken place, and the findings upon the point should be upheld.

The evidence indicated that the trespasses already committed would probably be repeated indefinitely, and to avoid a multiplicity of actions for damages, and perhaps breaches of the peace, an injunction was called for, and properly awarded.

The question asked the road-overseer, Fitch: "I suppose, Mr. Fitch, acting under your office, you will open that gate as often as it is shut up?" is objected to as leading. Under the circumstances we perceive no abuse of the discretion vested in the trial court in permitting it to be put and answered: "I would, providing the board of supervisors directed me to."

Certain affidavits were read on the motion for a new trial, by which it was intended to show that a petition for the road had been filed and a notice had been given, and that they (on the trial shown to be lost papers) had been found. The defendants, in their brief, say that they attach importance to the petition only for the purpose of showing that William Markwood was the person owning the land at that time, had signed it, and therefore must be held, under section 2 of the act of 1861, *supra,* to have dedicated the land.

But the affidavit does not pretend to declare that the affiant knows as a fact that Markwood signed the petition, or that the signature purporting to be his is in his

handwriting. There is no proof whether the name appended to the petition is the real or fictitious signature of Markwood. There is nothing shown by the affidavit or the petition attached as being found among the records of the county that the route the road was to take, if established, was over any of Markwood's land.

The petition appended to the affidavit of Deweese does not show that the "most eligible route through Wild Horse Valley across the mountains" was ever to go over Markwood's land.

Upon the question of notice, that which is produced as being the one given and posted shows that it was not posted "on the door of the room in which the board of supervisors hold their meetings," but "on the court-house door in Napa City."

The notice also was to the effect that the application for the establishment of the road was to be made on the 8th of June, 1863, and the affidavit proving the posting shows that it was done on the 11th of May, 1863, less than thirty days before the application was to be made, and in violation of section 1 of the act of 1861, *supra.*

Upon the whole case, perceiving no prejudicial error, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.