## HIBBERD v. MELLVILLE.

### No. 15,001; May 20, 1893.

33 Pac. 201.

**Highways—Dedication—Evidence.**—In an Action for Trespass, where defendant alleges that the land entered on was a public highway, it appeared that the line of the road for nearly its whole length had been changed from time to time by the owner of the land; that during all the time the public had been permitted to use the road it had been barred by several gates, to be opened and closed by persons passing over it; that for twelve years no work had been

done or public money expended thereon by the road overseers; and it did not appear that there had been before that time. Held, that the road had not become a highway by dedication.

**Highway—Dedication—Evidence.**—A Question, "For the Last ten or fifteen years, how many people have used that road or traveled it?"—was properly excluded, since its answer would not have shown an intention of the owners to dedicate the road to the public.

APPEAL from Superior Court, Mendocino County; Robert McGarvey, Judge.

Action by Elizabeth A. Hibberd against Charles A. Mellville, to recover damages for an alleged trespass. From a judgment for plaintiff, defendant appeals. Affirmed.

J. A. Cooper for appellant; T. L. Carothers for respondent.

BELCHER, C.—This is an action to recover damages for trespasses alleged to have been committed by the defendant in entering upon the land of the plaintiff, riding over and across the same; and cutting down a gate thereon. The defense set up in the answer and relied upon at the trial was that the gate cut down was upon a road which had become a public highway by dedication and user by the public for more than fifteen years. The complaint alleged that the plaintiff had been damaged by the trespasses complained of in the sum of $325, but the court found that she was damaged by the cutting of the gate only, and in the sum of $5, for which sum, with costs, judgment was given in her favor. The defendant moved for a new trial, which was denied, and has appealed from the judgment and order.

The principal question presented for decision is as to whether or not there was a public highway extending across plaintiff's land, and over which the defendant had a right to travel. It is not pretended that the road was ever laid out or established as a highway under the provisions of the code, and the only question is, Had it been dedicated by the owners of the land, and accepted and used by the public, so as to constitute it a public highway? The findings of the court are very full, covering all the probative as well as the ultimate facts, and so far as they need be stated are as follows: "That the plaintiff and her predecessors in title have permitted the defendant and his neighbors . . . . to pass over the land of

plaintiff. . . . . While they have been so traveling over the said land of the plaintiff for more than twenty years without any express understanding between the public and the plaintiff or her predecessors, the route has never been confined to one place for any considerable length of time, and has always been under the control of the plaintiff and her predecessors in title, and has been changed by her and them at their pleasure; and there have during all of said time been gates kept up by the plaintiff and her said predecessors on the route or routes traveled across the land of plaintiff, and at the time of the commencement of this action, and on the said twenty-second day of April, 1891 (the day the gate was cut down by defendant), there were, and are. now, five gates maintained by the plaintiff on the said route so traveled by the defendant and others. From said dwelling of plaintiff to the north side of her lands she has a lane, across which she has three of said gates, and between two of them the lane widens out, so that plaintiff uses the space between them as a corral, and what travel passes over said road passes through said corral. That plaintiff and none of her predecessors in interest in said land ever intended to dedicate a right of way to the public across said land, and they, or neither of them, have ever so dedicated to the public such right of way. That the road claimed by the defendant to be a public highway across the lands of the plaintiff has never been accepted by the public as a public road, and the road overseers of the road district in which the said lands are situated have not for a period of eleven years next prior to the trial of this action, or at any other time. caused any work to be done thereon, or any public money to be expended thereon, and have never in any way exercised any acts of control or jurisdiction over the same.'' Appellant contends that these findings were not justified by the evidence, and this is the main point relied on for a reversal.

''The vital principle of dedication is the intention to dedicate, and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made. . . . . If accepted and used by the public in the manner intended, the dedication is complete, precluding the owner and all claiming in his right from asserting any ownership inconsistent with such use. Dedication, therefore, is a conclusion of fact to be drawn by the jury from the circum-

stances of each particular case." But "dedication is never to be presumed without evidence of an unequivocal intention on the part of the owner": Harding v. Jasper, 14 Cal. 648; Quinn v. Anderson, 70 Cal. 456, 11 Pac. 746; Ang. & D. Highw., secs. 142, 147. In this case it was clearly proved that the line of the road for nearly its whole length had been changed from time to time by the owners of the land, and that for about twelve years before the trial no work had ever been done on the road by the road overseers, and no public money expended thereon. As to whether any work had been done on it by the overseers or money expended before that, the evidence is silent. And speaking of this road and its changes, Robinson, one of plaintiff's predecessors in interest, testified: "As long as they did not interfere with me they could use it. If it had interfered with me I would have raised an objection. I did not intend at the time to part with the title to the land, or give a permanent road there." It was also proved without contradiction that during all the time the owners had permitted the road to be used by the public it had been barred by several gates to be opened and closed by persons passing over it; and, as said in Quinn v. Anderson, supra, this, in the absence of a statute providing that such gates may be maintained on a public highway, "has always been considered strong evidence in support of a mere license to the public to pass over the designated way, and in rebuttal of a dedication to public use." See, also, Smithers v. Fitch, 82 Cal. 153, 22 Pac. 935, where this language is quoted and approved. Looking, then, at all the evidence in the light of the authorities above quoted, we do not think it can be said that the owners of the land ever manifested an unequivocal intention to dedicate the road in question to the use of the public; and it must follow, therefore, that the judgment cannot be reversed for want of evidence to justify the findings.

The point is also made that the court erred in sustaining objections to certain evidence offered by defendant, but we see no material error in the rulings complained of. Counsel asked the witness Adams: "Since 1876, for the last ten or fifteen years, how many people have used that road, or traveled it?" The question was clearly immaterial, for the reason that the answer, if given, would not have shown or tended to show an intention on the part of the owners to

dedicate the road to the public. Besides, it had already appeared in the testimony that the number was "three or four families." Counsel also asked the witness Ledford: "Did Mr. Kelso tell you, in that conversation about raising money to make a better grade from his house to the county road, that the citizens helped him?" One of the grounds of objection to the question was that it was leading, and that it was so is evident. The objection was therefore properly sustained. We advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.