[Civ. No. 2337.    Third Appellate District.—August 30, 1921.]

STANDARD LUMBER COMPANY (a Corporation), Respondent, v. MADARY'S PLANING MILL (a Corporation), et .al., Appellants.

[1] EASEMENTS — USE OF SPUR-TRACK — RIGHT OF ACCESS — PUBLIC USE—DEDICATION.—The right of the public to the use of a spur-track through an individual's land does not carry with it the right of access thereto over that individual's lands, not dedicated to a public use.

[2] INJUNCTION — CONTINUING TRESPASS — PAST DAMAGE. — The fact that plaintiff has already suffered damage to his land by reason of the acts of trespass by another will not defeat his right to an injunction where the trespass is of a continuing nature.

APPEAL from a judgment of the Superior Court of Tuolumne County.    G. W. Nicol, Judge.    Affirmed.

The facts are stated in the opinion of the court.

J. T. B. Warne and J. C. Webster for Appellants.

J. B. Curtin for Respondent.

FINCH, P. J.—This is an appeal from an order granting a temporary injunction.

The Sugar Pine Railway and a spur-track therefrom run through plaintiff's land.   Included in said land and lying between the spur-track and plaintiff's east boundary line is a triangular parcel about four hundred feet long from north to south and sixty feet wide at the north side.   The land immediately east of the triangle belongs to the railway company.   From the southerly point of the triangle for about two hundred feet in a northerly direction along the west side of the spur-track are skids for the purpose of loading lumber on cars.   These skids seem to cover an area thirty or more feet in width.   The plaintiff's east boundary line runs diagonally through the space occupied by the skids, somewhat less than half of such area being on the plaintiff's land.

Appellants state that the land which the defendants are enjoined from using had "become subject to the use of a

common carrier of freight, the Sugar Pine Railway Company and its shippers.'' Defendant Madary, in his affidavit in opposition to the motion for a temporary injunction, states that for more than four years ''said lands have been . . . used under claim of right, by the Sugar Pine Railway Company, a common carrier, for its spur-track and for loading facilities to permit defendants, as shippers of lumber, to load their cars for shipment.'' This evidence is contradicted by that of the plaintiff. D. H. Steinmetz, secretary and general manager of the plaintiff, testified that three or four different men were given personal permission by plaintiff to use its lands and the skidway for the purpose of loading cars, but that such permits had been revoked; and that, during the year 1919, Madary's planing-mill used part of said lands of plaintiff, but without ''right or permission or authority so to do.'' If the evidence produced by plaintiff is true, and for the purposes of this appeal it must be taken as true, then the principle announced in *Southern California Ry. Co.* v. *Slauson,* 138 Cal. 342, [94 Am. St. Rep. 58, 71 Pac. 352], and *Guernsey* v. *Northern California Power Co.,* 160 Cal. 699, [36 L. R. A. (N. S.) 185, 117 Pac. 906], cited by appellant, has no application. [1] The right of the public to the use of the spur-track does not carry with it the right of access thereto over the plaintiff's lands not dedicated to a public use.

[2] It is contended that any damage to plaintiff's land was suffered prior to the commencement of the action and that, therefore, the plaintiff was not entitled to an injunction. As said in *Smithers* v. *Fitch,* 82 Cal. 158, [22 Pac. 935], ''the evidence indicated that the trespasses already committed would probably be repeated indefinitely, and to avoid a multiplicity of actions for damages, and perhaps breaches of the peace, an injunction was called for and properly awarded.'' A trespass of a continuing nature may be enjoined. (*Kellogg* v. *King,* 114 Cal. 378, [55 Am. St. Rep. 74, 46 Pac. 166]; *United Railroads* v. *Superior Court,* 172 Cal. 80, [155 Pac. 463].) ''It is almost axiomatic to say that an injunction against a continuing trespass will not be denied merely because acts of trespass actually have been accomplished.'' (*Farrel* v. *City of Ontario,* 36 Cal. App. 754, [173 Pac. 392].)

It may be further stated, in support of the holding of the trial court, that the plaintiff introduced evidence to the effect that it had a million feet of lumber ready for shipment and needed all of said lands for its use in handling and shipping such lumber and that the use of said lands by the defendants would prevent the plaintiff from using the same and shipping such lumber. It was also shown that there is another spur-track on the opposite side of the main line available for the use of the defendants.

The granting of a temporary injunction is largely in the discretion of the trial court and there is nothing in the record to indicate an abuse of such discretion.

The order appealed from is affirmed.

Burnett, J., and Hart, J., concurred.