[Civ. No. 6270. Third Appellate District.—July 10, 1940.]

BERT J. LYONS, Appellant, v. H. B. SCHWARTZ et al., Respondents.

H. L. Preston and Lilburn Gibson for Appellant.

James E. Busch for Respondents.

THOMPSON, J.—This suit was brought for the purpose of quieting title to an alleged right of way across the property of the defendants. The complaint also contained a prayer for an injunction against the blockading of this right of way and for a judgment of $1,000 damages.

The cause was tried by the court sitting without a jury and judgment was rendered against plaintiff and in favor of defendants. The court found that the property described and alleged to have been owned by defendants was the property of Maude Perry Schwartz. The findings conclude that plaintiff is not the owner of a right of way or easement across the land of defendants, and that the plaintiff's use of the land was by permission only.

It is contended by appellant that the findings and judgment are not supported by the evidence. A right of way across respondents' property is claimed by appellant to exist under either one of two theories. The first theory is that the strip of land constitutes a public road and has existed as such since the year 1900. Appellant then takes the posi-

tion that even though this may not be deemed to be a public road, that nevertheless he has procured a prescriptive right to the use of the road.

The properties belonging to respondents and appellant, respectively, are located about five and one-half miles from the town of Hopland in Mendocino County. The property of appellant is located contiguous to and south of the Schwartz property. The strip of land in question branches from a county road near Hopland and leads across the lands of a number of persons before reaching the Schwartz property. This roadway then crosses the Schwartz property and extends to the line of appellant's land. There is no other road leading from appellant's property.

Mr. Schneider, a witness for appellant, testified that he moved onto the property now owned by Mrs. Schwartz in 1900 and lived there until 1914. He acquired the property by perfecting a homestead claim. Mr. Schneider testified that there was formerly a roadway leading onto the appellant's property but that he built his house across and upon that road and thereby prevented its further use as a road. About 1902, a brother-in-law of Mr. Schneider filed a claim of homestead on the property now belonging to appellant. Thereafter the right was acquired by Homer Martin. Schneider testified that he helped Martin haul his household goods from the coast to the property now belonging to appellant. In order to get the goods to the property it was necessary for them to widen the roadway and construct a new road around the Schneider house and to build a bridge on appellant's property. These goods were apparently hauled over the road by means of a horse and wagon. Mr. Schneider further testified that this road as it existed in 1900 extended across appellant's property and connected with an old toll road on top of the ridge. He stated that this road leading to the ridge had been used by a number of persons until the time he left the property in 1914, but that no automobiles traveled that road prior to that time.

There is very little evidence of the use of this roadway between the years 1914 and 1922. The appellant acquired his property by homesteading in 1922. The property now owned by Mrs. Schwartz was purchased by the Baumgartner family that same year. He subsequently sold it to Mr. and Mrs. Miller in July, 1936, from whom the Schwartzes pur-

chased the land in 1937 and immediately moved thereon, since which time they have continued to occupy it.

The evidence regarding the extent and manner of use of the roadway subsequent to the year 1922 to the present time is somewhat conflicting. Mr. Lyons, the appellant, testified that he had used the road continuously from the time he moved onto his property in 1922 until the erection of the barricade by respondents in 1937. He stated that he had traveled over the road on foot, on horseback, by wagon, and in an automobile. Mr. Lyons testified that he never asked permission from anyone to use the road in going to and coming from his premises and that no objection to the use of the road was ever made by anyone before the respondents purchased the property. Lyons said that he drove a car over the property to his cabin at least twenty or thirty times while it was owned by the Baumgartners. On at least one occasion during the time that Baumgartner was living on the property the gate at the entrance to this road was locked by Mr. Baumgartner and the appellant borrowed the key from him to use the roadway. Some time prior to the year 1930, one of the bridges across this roadway on the Baumgartner place was burned and it was necessary to construct a new bridge. Appellant aided in the construction of this new bridge and he received pay for his work. Lyons testified that he had not owned an automobile for six or seven years and that on several occasions when he did own a machine he parked it on the Johnson ranch and was then required to proceed on foot to his property. The Johnson ranch is located south of appellant's property. It was necessary for appellant to walk through an orchard to reach his place.

Mr. Hiatt, a witness for appellant, testified that he had used this road only about twice a year for the last ten years and that he had never seen an automobile traveling over the road between the Schwartz property and the Lyons place.

Mr. Hardy testified for respondents that he worked on the Baumgartner place in 1935 for about a year, during which time he never saw an automobile go through the Baumgartner place to Mr. Lyons' property.

Mr. La Franchi testified that he frequently worked for Mr. Baumgartner between the years 1928 and 1934 and that he never saw the appellant drive a car from the Baumgartner property to the Lyons place. Mr. La Franchi testified that until the time he left the Baumgartner place in 1934 the

roadway between the two properties was in some places ''just a trail''.

Mrs. Schwartz, one of the respondents, testified that she went upon the property about the 7th of April, 1937, and that Mr. Lyons and the Millers were then using the roadway with their automobiles. At this time the road was in such a condition that the automobiles were being driven right up to the Lyons place. Mrs. Schwartz stated that she had no knowledge of the existence of any right of way across her property and that when she complained of the use of the road to the agent through whom she purchased the land he told her to lock the gate, which she did. Mrs. Schwartz gave the Millers, who had parked their cars on the Lyons place, two weeks' notice to remove them, after which she locked the gate. After Mr. Lyons brought this suit the respondent, Mrs. Schwartz, erected a barricade which completely blocked this alleged right of way.

We are of the opinion the findings and judgment are supported by the evidence and that appellant has failed to establish any right to the use of the roadway in question.

The evidence submitted at the trial of this case discloses the fact that in 1900 there was an existing roadway running across the property now belonging to the respondents and thence over appellant's land leading to an old toll road along the top of the ridge. There is no evidence, however, as to whether this was a public or a private road at that time. Mr. Schneider stated that when he took possession of the property now owned by Mrs. Schwartz he built his house right on this road. He further testified that during the period from 1900 to 1914 the only means of travel between the Schwartz property and the Lyons place was on foot or on horseback. The roadway was not used by wagon or automobile with the exception of the one occasion when Mr. Schneider aided in hauling some goods with a wagon to the property now owned by appellant. The evidence is insufficient to support a conclusion that this roadway existed as a public road prior to 1900 and there is also a lack of the necessary elements constituting an implied or presumptive dedication of this roadway to the public subsequent to this time.

In order to constitute a valid dedication to the public it is necessary that there should exist an intention on the part of the owner of the land to dedicate the right of way

and that there be an acceptance thereof by the public. Dedication may be either express or implied. In the case of express dedication the intention of the owner may be manifested by oral declarations or by outward acts. Dedication by implication may arise when the necessary intent is implied by law from acts which do not directly manifest the intent. Long user by the public of a roadway, for instance, would constitute an act from which such implication may arise. Use by the public without further facts does not, however, disclose the intention to dedicate nor constitute the necessary offer, but, it merely raises the presumption of an intent to dedicate. ■ It does not necessarily follow that every use of a roadway by members of the public constitutes a dedication, even though it be continued without objection beyond the statutory period required by law to bar a right of action. The cases of *Hartley* v. *Vermillion,* 141 Cal. 339 [74 Pac. 987], and *Hare* v. *Craig,* 206 Cal. 753 [276 Pac. 336], relied on by the appellant, are not in conflict with what we have previously said regarding implied dedication. The courts have consistently held that the intention to dedicate to the public land or a roadway must be proven clearly and unequivocally. ■ When the dedication rests upon acts and conduct, the intent must clearly appear. (*Burk* v. *City of Santa Cruz,* 163 Cal. 807 [127 Pac. 154].) It is also necessary in order to prove the dedication of a neighborhood or country roadway that much stronger evidence be presented than is required in proof of such dedication of a street in a town or city. (*Quinn* v. *Anderson,* 70 Cal. 454 [11 Pac. 746]; *Harding* v. *Jasper,* 14 Cal. 642.)

The evidence as to the use of the roadway in question from 1900 to 1937 is insufficient to raise the presumption of a dedication to the public. There is sufficient evidence, however, to sustain the implied finding that the use of this roadway by members of the public was permissive and not adverse or under a claim of right.

■ An easement or right of way by prescription may be acquired by adverse user for the statutory period of five years. An easement is an interest in the land of another, but such interest carries only the right to the use of the land. The easement in the land does not carry the fee. It is essential in gaining an easement by prescription that the use be open

and notorious, hostile to the true owner, exclusive and under claim of right.

The burden rests upon one who claims to have gained a prescriptive right in the land of another to show that the elements of open and notorious use, hostility to the true owner, and claim of right existed throughout the statutory period. It cannot be said that as a matter of law the use of the roadway by appellant from 1922 to 1937 was of such a nature as to satisfy the requirements necessary for gaining an easement by prescription. The manner in which appellant used this roadway from time to time on foot, on horseback, or occasionally by means of a wagon, or automobile does not necessarily disclose hostility to the former owners of the property. The determination of the question as to the nature of the use of another's land under such circumstances is properly disposed of in *Clarke* v. *Clarke*, 133 Cal. 667, at page 670 [66 Pac. 10]. The language of the court is as follows:

"The defendant and his tenants were in the habit of passing over the uninclosed strip of land when going to or from their business. The question as to whether or not the use was under a claim of right, or a mere matter of neighborly accommodation, was a question of fact to be determined by the court in the light of the relations of the parties, their conduct, the situation of the property, and all the surrounding circumstances."

There is sufficient evidence to sustain the finding that the use made by the appellant of the roadway in question was permissive only and not hostile or under a claim of right as against the respondents or the former owners of the property. The findings and judgment are supported by the evidence.

The judgment is affirmed.

Steel, J., *pro tem.*, and Pullen, P. J., concurred.