[Civ. No. 12703.   First Dist., Div. Two.   Dec. 26, 1944.]

J. E. DUNN et al., Appellants, v. COUNTY OF SANTA CRUZ, Respondent.

John H. Leonard for Appellants.

Stephen Wyckoff, District Attorney, for Respondent.

SPENCE, J.—Plaintiffs sought a declaration that a certain road was a public road and also sought a judgment for damages for the alleged failure of the defendant county to replace a fill across a creek or gulch which said road traversed. Defendant denied practically all material allegations of the complaint and the trial court found in favor of defendant. Plaintiffs appeal from the judgment entered upon the findings of the trial court.

Plaintiffs contend that several findings of the trial court are not sustained by the evidence. We will discuss, however, only the finding that this road was not a public road as plaintiffs concede that ''all their rights are dependent upon this finding being declared erroneous.''

The road in question was a small country road which ran for about one-half mile from the Soquel-San Jose road to plaintiffs' property. It was not a through road but it merely traversed the property of the owner of the land bordering on the Soquel-San Jose road and served plaintiffs and one other permanent resident. There was a gulch or creek-bed in close proximity to the Soquel-San Jose road which had been formerly crossed by means of a bridge, which bridge was later replaced by a fill. This fill was washed out during the heavy rains in February, 1941, and the defendant county refused the demand of plaintiffs that it repair or replace said fill. Thereupon, plaintiffs commenced this action.

Plaintiffs' claim that said road was a public road was not based upon any express dedication or upon any formal acceptance by the defendant county. Said claim was based solely upon a showing that for many years the road had been open and had been used by anyone who cared to use it; that the county had slightly reinforced the bridge across this gulch in 1926 at a time when it was planned to use said bridge temporarily for a detour during the reconstruction of the Soquel-San Jose road; and that in 1935 and 1936 certain P.W.A. crews had torn down the bridge and constructed a wooden culvert which was thereafter covered with a fill by the county road crew by the use of excess material from the work on the Soquel-San Jose road.

We need not pause to consider whether such showing would have sustained a finding that said road or any part thereof was a public road. We need only concern ourselves with the question of whether such showing compelled such finding.

The evidence of the use of this road for a number of years did not necessarily compel a finding that it was a public road. (Sts. & Hy. Code, § 904.) The most that can be said is that the evidence of such use might have been considered with other evidence on the question of whether the owners intended to dedicate the road to public use. (*Lantz* v. *City of Los Angeles,* 185 Cal. 262, 268 [196 P. 481].) But there was other evidence showing that plaintiffs and other owners and their predecessors had referred to the road in conveyances made or accepted by them as a "private road," which evidence tended to negative any intention on the part of said owners to dedicate said road to public use. Furthermore, the evidence of the slight reinforcement of the bridge in 1926 and of the covering of the culvert with a fill in 1936 did not necessarily show an acceptance by the county of any alleged dedication. It is a matter of common knowledge that temporary detours are made over private roads in rural areas during the reconstruction of public roads and that it is common practice to improve such private roads for such temporary use without any intention of accepting said roads as public roads. With respect to the fill, the evidence showed that this was made under agreement with the owner of the property, which adjoined the Soquel-San Jose road in consideration of his granting a right of way along the Soquel-San Jose road.

The burden was upon plaintiffs to prove the affirmative allegations of their complaint and we are satisfied that the trial court was entirely justified in concluding that plaintiffs had failed to sustain the burden of proving that there had been either a dedication or acceptance of the road as a public road. (See *Niles* v. *City of Los Angeles,* 125 Cal. 572 [58 P. 190] ; *DeMartini* v. *San Francisco,* 107 Cal. 402 [40 P. 496] ; *Lyons* v. *Schwartz,* 40 Cal.App.2d 60 [104 P.2d 383].) As was said in *Lyons* v. *Schwartz,* at page 65, "The courts have consistently held that the intention to dedicate to the public land or a roadway must be proven clearly and unequivocally. When the dedication rests upon acts and conduct, the intent must clearly appear. (*Burk* v. *City of Santa Cruz,* 163 Cal. 807 [127 P. 154].) It is also necessary in order to prove the dedication of a neighborhood or country roadway that much stronger evidence be presented than is required in proof of such dedication of a street in a town or city. (*Quinn* v. *Anderson,* 70 Cal. 454 [11 P. 746] ; *Harding* v. *Jasper,* 14

Cal. 642.) '' As we view the evidence before us, the most that can be said is that the question of whether the road was a public road or a private way was a question of fact for the trial court and we are of the opinion that its finding that it was not a public road is amply sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.