[Civ. No. 14677.   Second Dist., Div. Three.   Feb. 26, 1945.]

CITY OF LOS ANGELES, Appellant, v. FLORENCE E. WHITE, Respondent.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Roger Arnebergh, Deputy City Attorney, for Appellant.

James V. Brewer for Respondent.

FOX, J. pro tem.—This is a quiet title action in which the city of Los Angeles sought to obtain a judgment determining the existence of an easement for street purposes over a strip of land which for many years has been used as a highway by the public. From a judgment in favor of the defendant the city has appealed.

The defendant's property, consisting of 2¼ acres, was located in the city of Venice prior to that city's annexation to the city of Los Angeles in November, 1925. It was formerly a part of the Machado ranch. The vicinity is sparsely settled, open country territory. It was for the most part subdivided in the early and middle 1920's, though some of it was subdivided earlier. Up until about 1925 or 1926, the road over the property in question was just an ordinary winding country dirt road, without fixed boundaries. It was used principally by the people who lived on the adjacent ranches.

On August 7, 1924, the city of Venice filed an action to condemn a right of way for street purposes over this strip of land. Mrs. McDevitt, the then owner, filed her answer December 29, 1924. The referee's report was filed August 18, 1925, fixing the owner's award at $3,419.52. This award, however, was never paid and the action was dismissed on August 15, 1933, upon motion of another party. Notice of said motion does not appear to have been served on Mrs. McDevitt.

In about 1926, some gravel and oil were applied to this strip and it was rolled. The strip thus improved was somewhat wider than that previously traveled. More recently, this road became a part of a regular bus route in that community. In August, 1936, Mrs. McDevitt by grant deed conveyed the

tract of land of which this strip is a part to George E. White. He died in March, 1941, and defendant thereupon inherited the property. There was no reservation or exception of any portion of this strip or roadway in the deed from Mrs. Mc-Devitt to Mr. White. In June, 1942, a written request was made to the Board of Public Works on behalf of the defendant for permission to barricade said roadway and close same to traffic. This request was denied. The taxes on the said parcel of land including the strip used for a road have always been paid by the record owner of the property.

The trial court found that the said strip of land "has been continuously traveled and used as a public street or highway by the public since 1898." It also found, however, that "neither said Florence E. White nor her predecessors ever dedicated an easement over said property for street purposes or otherwise to the plaintiff, the City of Los Angeles, or to its predecessors in interest." The court further found that "the defendant Florence E. White is the owner in fee simple of the said land . . . and . . . that the plaintiff has no title, right, easement or other claim thereto."

The sole issue is whether or not plaintiff has an easement for street purposes over said property. Plaintiff contends that by reason of the long use thereof by the public there has been an implied dedication of the strip of land in question for street purposes.

We need not pause to consider whether the evidence herein recited would have sustained a finding that there was a dedicated easement for street purposes over said property. We need only to determine the question of whether the evidence compelled such a finding and conclusion. In our opinion it did not.

The most that can be said is that the evidence of the use made of this strip of land was proper to be considered with other evidence on the question of whether the owners intended to dedicate it to public use. (*Dunn* v. *County of Santa Cruz* (1944), 67 Cal.App.2d 400 [154 P.2d 440]; *Manhattan Beach* v. *Cortelyou* (1938), 10 Cal.2d 653, 668 [76 P.2d 483]; *Lyons* v. *Schwartz* (1940), 40 Cal.App.2d 60, 64 [104 P.2d 383]; *Lantz* v. *City of Los Angeles* (1921), 185 Cal. 262, 268 [196 P. 481]; *Huffman* v. *Hall* (1894), 102 Cal. 26 [36 P. 417].) "It is true that this intent may be inferred from long acquiescence in a use by the public" (*Manhattan Beach* v.

*Cortelyou, supra*), but the ultimate determination as to whether there is a dedication must "be drawn from all the circumstances of each particular case." (*Quinn v. Anderson* (1886), 70 Cal. 454 [11 P. 746].)

First, the period up to 1925 should be considered. Up to that time the land in that vicinity appears to have been unenclosed and uncultivated for the most part. Under such circumstances, "the fact that the public has been in the habit of going upon the land will ordinarily be attributed to a license on the part of the owner, rather than to his intent to dedicate." (*Manhattan Beach v. Cortelyou, supra,* p. 668.) Furthermore, the filing of the condemnation action and the answer of Mrs. McDevitt, who then owned the property, support an inference against any intended dedication to public use up to that time.

The improvement of the road with gravel and oil and the use thereafter by the public during the time that Mrs. McDevitt continued to own the property loses much of its significance because of the pendency of the condemnation action and the referee's award to her of $3,419.52 for the value of the land taken and damages for severance. The trial court was justified in inferring that she could have reasonably expected that the city would go through with the condemnation proceeding and that in due time she would be paid the amount of the award. Under such circumstances it would be difficult to infer an intention on her part to dedicate the strip to a public use from the fact that it was thus improved. On the contrary the trial court could have reasonably inferred that she permitted the improvements without objection (if such was the fact) because she expected to be paid for the property. In this connection it should be borne in mind that the condemnation action was not dismissed until August, 1933, and then without notice to Mrs. McDevitt. Furthermore, the fact that she did not exclude the road from the description of the property in her deed of August 11, 1936, to Mr. White, tends to support the inference that she had not dedicated it to a public use.

From the fact that the defendant filed a request in writing in June, 1942, with the Board of Public Works, seeking permission to barricade this road and close it to traffic shows that she did not then have any intention of dedicating this strip of land to a public use. From this the court could reasonably

infer that she had not previously intended to so dedicate the property. (In fact, the said request to the Board of Public Works, indicates that the use of this road by the public had been orally protested by defendant nearly a year earlier.) Also, the payment of taxes on the property by the defendant and other record owners shows "conduct consistent with the ownership of the property." (*Manhattan Beach* v. *Cortelyou, supra*, p. 670.)

Finally, the burden was upon the plaintiff to prove the affirmative allegations of its complaint, and we are satisfied that the trial court was entirely justified in concluding that the plaintiff had failed to sustain the burden of proving that there had been a dedication. (See *Dunn* v. *County of Santa Cruz, supra,* 67 Cal.App.2d 400; *Lyons* v. *Schwartz, supra,* 40 Cal.App.2d 60; *Niles* v. *City of Los Angeles* (1899), 125 Cal. 572 [58 P. 190]; *Demartini* v. *San Francisco* (1895), 107 Cal. 402 [40 P. 496].) As was said in *Lyons* v. *Schwartz, supra* (p. 65): "The courts have consistently held that the intention to dedicate to the public land or a roadway must be proven clearly and unequivocally. When the dedication rests upon acts and conduct, the intent must clearly appear. (*Burk* v. *City of Santa Cruz,* 163 Cal. 807 [127 P. 154].)"

As we view the evidence it is ample to support the trial court's finding that "neither said Florence E. White nor her predecessors ever dedicated an easement over said property for street purposes or otherwise to the plaintiff, the City of Los Angeles, or to its predecessors in interest." This finding supports the judgment for the defendant.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1945. Traynor, J., voted for a hearing.