Filed 1/19/16  Wernet v. Pitney CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CONNIE WERNET, as Trustee, etc.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GILBERT A. PITNEY et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B260085<br>(Super. Ct. No. 1418276)<br>(Santa Barbara County) |

Plaintiff sought a prescriptive easement or, in the alternative, an equitable easement over a neighboring property for recreational purposes and to maintain a visual buffer.  The trial court found in favor of defendants and refused to impose an easement.

The trial court found plaintiff's use of the disputed area was permissive and thus did not result in a prescriptive easement.

*Linthicum v. Butterfield* (2009) 175 Cal.App.4th 259 contains a good example of circumstances in which an equitable easement should be imposed.  This case contains a good example of circumstances in which an equitable easement should not be imposed.

We affirm the judgment.

### FACTS

Connie Wernet, as trustee of the Connie Wernet Trust (hereafter "Wernet"), owns a multiple-acre improved residential parcel in Montecito.  Gilbert Pitney and Dayna

McKee (hereafter collectively "Pitney") own the neighboring multiple-acre residential parcel.

Wernet acquired her parcel in 1999. The existing residence was built within five feet of Pitney's property line. A low wall runs on Wernet's parcel just inside the property line.

Wernet's predecessor had landscaped a portion of Pitney's parcel running for 45 feet along the boundary line and extending between 25 and 53 feet onto Pitney's parcel. The landscaping extended not only over Pitney's parcel, but also onto land owned by the Montecito Water District.

Wernet had been a real estate agent for 10 years at the time she purchased her property in 1999. She claims that at the time she purchased her parcel, she was unaware that the residence was only five feet from the boundary. She claims she believed her property extended over the landscaped portion of Pitney's parcel. She claims she learned of the true boundary line only in 2000 when Pitney's predecessor in interest, Bob Bree, had a survey conducted prior to the sale of the parcel to Pitney.

While Pitney was in escrow with Bree for the purchase of his parcel, Bree presented Pitney with a written easement for landscaping and maintenance. Pitney refused to sign it.

In June 2000, shortly after Pitney closed escrow on the purchase of his parcel, Wernet invited Pitney to her home to introduce herself. Wernet testified Pitney stated at the meeting, "I know why you want us over here; you want an easement but we will never give it to you and we don't want to hear about it again." Wernet presented Pitney with a draft easement. Pitney told her there was no need to sign the easement because she had his permission to maintain the trees.

For the next 12 years, until Wernet filed the complaint, Wernet continued to maintain the landscape on a weekly basis without interference from Pitney

After the meeting in 2000, Pitney and Wernet had very little contact. In 2012, Wernet and Pitney met to discuss a water line within the disputed area. Pitney

2.

declined permission to install the water line and Wernet complied. Pitney and Wernet also met to discuss trimming trees in the disputed area to preserve Pitney's ocean view.

Wernet filed the instant complaint on August 1, 2013. She stated causes of action for a prescriptive easement or, in the alternative, an equitable easement. The scope of the easement she claimed included walking, dancing, exercising, communing with nature, maintaining trees and other vegetation and maintenance of a "visual buffer."

Trial was by the court sitting without a jury. The trial court gave judgment in favor of Pitney on all causes of action. The court found Pitney to be credible and Wernet not to be credible. The court also found as follows:

The scope of the easement Wernet was seeking amounted to a possessory interest. Wernet cannot avoid the tax element of adverse possession by claiming a prescriptive easement. There is no evidence Wernet paid taxes on the disputed area.

Wernet failed to prove her use of the disputed area was adverse, as required for a prescriptive easement. Instead, Pitney told Wernet at their first meeting in 2000 that she did not need an easement because she had his permission to use the disputed area. In addition, Pitney showed her use of the disputed area was by neighborly accommodation. The parties agreed on the trimming of trees to preserve Pitney's view. When Wernet asked Pitney's permission to install a water line, Pitney refused, and Wernet complied.

In deciding against Wernet's claim of an equitable easement, the trial court pointed out doubtful cases should be decided against a trespasser. (Citing *Christensen v. Tucker* (1952) 114 Cal.App.2d 554, 562.) Wernet claimed to be a trespasser in her cause of action for a prescriptive easement. The trial court also found that Wernet's claim of innocence is not credible given her 10 years' experience as a real estate agent, as well as the involvement of two other real estate agents in her purchase. Finally, the court found the wall along her property line should have put her on notice to inquire as to the true boundary.

Wernet moved for a new trial in which she attempted to introduce additional evidence. The trial court denied the motion. On appeal, Wernet moves that we take judicial notice of Pitney's chain of title. We deny the motion.

3.

DISCUSSION

I

The elements of an easement by prescription are use of the land of another which is open and notorious, continuous and adverse for an uninterrupted period of five years. (*Warsaw v. Chicago Metallic Ceilings, Inc.* (1984) 35 Cal.3d 564, 570.) Whether the elements are established is a question of fact. (*Ibid.*) The party claiming a prescriptive easement has the burden of establishing each of the elements. (*Lynch v. Glass* (1975) 44 Cal.App.3d 943, 950.)

Here the trial court found Wernet's use of the disputed area was not adverse, but permissive. Permissive use cannot ripen into a prescriptive easement. (See *Lyons v. Schwartz* (1940) 40 Cal.App.2d 60, 66.) The trial court's finding is supported by Pitney's testimony that, shortly after he purchased his property in 2000, he gave Wernet oral permission to use the disputed area. The court also cited evidence of neighborly accommodation.

Here Wernet had nothing more than Pitney's oral permission to use the disputed area. Mere permission to use the land of another is a license. (*O'Shea v. Claude C. Wood Co.* (1979) 97 Cal.App.3d 903, 909.) A licensee has no interest in the land that she can assert against the licensor. (*Eastman v. Piper* (1924) 68 Cal.App. 554, 560.) It follows that a license may be terminated at the will of the licensor. (12 Witkin, Summary of Cal. Law (10th ed. 2005) Real Property, § 429, p. 501.) In contrast, an easement is an interest in the land of another and cannot be terminated at the will of the owner of the servient estate. (*Id.* at § 382, p. 447.)

In Wernet's motion for a new trial, she requested that the court consider additional evidence that was not produced at trial. But additional evidence may only be considered if the party making the motion shows the evidence could not with reasonable diligence have been discovered and produced at trial. (Code Civ. Proc. § 657, subd. 4.) Because of the possibility that the moving party may have been guilty of neglect, a motion based on such evidence is viewed with "suspicion and disfavor." (*Horowitz v. Noble* (1978) 79 Cal.App.3d 120, 138.) Thus, a strong showing is necessary. Here

4.

Wernet makes no such showing. For the same reason, we deny Wernet's motion for judicial notice of Pitney's chain of title. Obviously it could have been discovered and produced at trial.

In Wernet's motion for a new trial, she requested that the trial court allow her to prove Pitney stated his permission would last until either party sold his or her parcel. In denying the motion, the trial court pointed out that Pitney expressly testified he made no such provision. The court also pointed out Wernet's opening statement acknowledged she was unsure of the position Pitney would take at trial.

Wernet argues that the trial court abused its discretion by considering her opening statement as a judicial admission, while not considering an admission made in Pitney's opening statement. Pitney's counsel stated that Pitney gave Wernet permission to use the disputed area until one party sold his or her parcel.

Wernet's argument fails for a number of reasons.

First, Wernet cites no authority to support the proposition that if the trial court considers a statement made by plaintiff's counsel as a judicial admission, it must also consider a statement made by defendants' counsel as a judicial admission.

Second, the trial court did not take Wernet's counsel's statement as a judicial admission. Instead, the trial court simply pointed out that Wernet's opening statement indicated she was aware Pitney might deny he told Wernet the permissive use would last until one of the parcels sold. Thus, she should have met the issue at trial, instead of making a motion for a new trial.

Third, even if Pitney had promised not to revoke his permission until one of the properties was sold, it would not change the result. An interest in the land of another that cannot be revoked at will by the servient owner is an easement. (See 12 Witkin, Summary of Cal. Law, *supra*, § 382, p. 447.) But an easement cannot be created by a parol agreement. (*Elliott v. McCombs* (1941) 17 Cal.2d 23, 30.) Here the permission to use the disputed area was in parol. Thus, even if Pitney stated he would not withdraw his permission unless one of the properties was sold, the statement would be unenforceable. Wernet had a mere license that could be terminated by Pitney at will.

5.

Wernet argues the trial court erred in denying her motion for a new trial on the ground that Pitney's answer to an interrogatory contradicted his trial testimony. Pitney stated in his answer to an interrogatory that he gave Wernet permission to maintain the vegetation in the disputed area so long as the properties were owned by the respective parties.

The trial court denied the motion for a new trial because Wernet failed to introduce the interrogatory into evidence during trial. The trial court is correct. The time to introduce evidence to impeach a witness is at trial, not in a post-trial motion. Moreover, the evidence is irrelevant. Even if Pitney had promised not to terminate his permission until one of the parcels was sold, he could still terminate the license at will.

Wernet argues Pitney acted inconsistently when post-trial he removed all the vegetation from the disputed area. But Pitney could terminate the license at will. He simply terminated the license.

II

Wernet contends the trial court erred in denying her an equitable easement.

In *Linthicum v. Butterfield*, *supra*, 175 Cal.App.4th 259, we discussed the circumstances under which the trial court properly exercises its discretion to create an equitable easement. The encroachment must not be the result of the willful act of the party seeking the easement; where the owner of the servient parcel will be irreparably injured, the easement should be denied; and the hardship suffered by the person seeking the easement must be greatly disproportionate to the hardship suffered by the servient owner if the easement is created. (*Id.* at p. 265.) In doubtful cases, the easement should be denied. (*Ibid.*)

Wernet argues the trial court failed to balance the harm. That is because Wernet suffered no harm.

Wernet seeks easements on Pitney's parcel for recreation and a visual buffer. If a desire to recreate and maintain a visual buffer on a neighbor's property were all that is necessary for an equitable easement, no property would be safe from such a

claim.  Being without the ability to recreate and maintain a visual buffer on a neighbor's property is simply not the type of hardship that equity will recognize.

*Linthicum* presents an example of an appropriate balancing of the hardships.  There plaintiffs sought to enjoin the use of a roadway across their parcel by neighboring landowners.  The use of the roadway by the neighboring owners would not substantially interfere with plaintiffs' right to use and develop their parcel.  On the other side of the balance, denying the neighboring landowners the use of the roadway would leave their parcels landlocked and valueless.  (*Linthicum v. Butterfield*, *supra*, 175 Cal.App.4th at p. 265.)  Thus, the imposition of an access easement struck the appropriate balance.

The difference between the hardship claimed by the neighboring landowners in *Linthicum* and the hardship claimed  by Wernet here could not be more apparent.  In *Linthicum*, the court's refusal to impose an easement would have denied the neighboring landowners access to their parcels.  Here the court's refusal to impose an easement has no effect on Wernet's use and enjoyment of her own parcel whatsoever.  She simply wants free use of her neighbor's parcel.

The judgment is affirmed.  Costs on appeal are awarded to respondents.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

7.

James E. Herman, Judge

Superior Court County of Santa Barbara

_____

Law Offices of Paul R. Burns, P.C., Paul Robert Burns for Plaintiff and Appellant.

John C. Lauritsen for Defendants and Respondents.